See also, D.C., 130 F.R.D. 416, D.C., 130 F.R.D. 430.

**Philip D. ROBERTS, et al., Plaintiffs,**

v.

**Werner HEIM, et al., Defendants.**

**And Consolidated Actions.**

**No. C 84–8069 TEH.**

United States District Court, N.D. California.

Nov. 17, 1989.

David B. Gold, Solomon B. Cera, San Francisco, Cal., Woodford G. Rowland, San Rafael, Cal., for plaintiffs.

Gerald A. Cohn, Orinda, Cal., Special Master.

R. Nicholas Gimbel, Hoyle, Morris & Kerr, Philadelphia, Pa., for Lewin Energy Corp., Vello A. Kuuskraa, Technology Catalysts, Inc. and R.L. DiCicco.

Robert L. Lofts, William L. Stern, Severson & Werson, San Francisco, Cal., for Somers & Altenbach.

Richard Haas, Lasky, Haas, Cohler & Munter, San Francisco, Cal., for Robert E. Altenbach.

James A. Cunningham, Boulder, Colo., in pro. per.

Neil E. Rogen, Weston, Mass., in pro. per.

Kurt C. Peterson, Mary C. Oppedahl, Crosby, Heafey, Roach & May, Oakland, Cal., for T. Kenneth Pyles.

Darryl M. Woo, Sedgwick, Detert, Moran & Arnold, San Francisco, Cal., for Greg E. Bogdan.

James Robertson, Wilmer, Cutler & Pickering, Washington, D.C., for Lewin and Associates, Inc.

Robert J. Glynn, Gary A. Cerio, Glynn & Harvey, San Francisco, Cal., for Baskin & Steingut.

Douglas R. Young, Mark D. Petersen, Farella, Braun & Martel, San Francisco, Cal., for Fox & Co.

William R. Conklin, Redwood City, Cal., in pro. per.

Dennis Bourquin, Redwood City, Cal., David M. Greenberg, San Francisco, Cal., for TexOil International, Inc.

Darrell D. McCullough, Bailey, Colo., in pro. per.

Robert LaGuardia, Englewood, Colo., in pro. per. Richard A. Ardoin, Bronson, Bronson & McKinnon, San Francisco, Cal., for Richard B. Basile, Glenda Exploration and Development Corp. and the Manhattan Partnerships.

Dan Biles, Gates & Clyde, Overland Park, Kan., for Gary E. Krause, Energy Associates, Inc. and the Wichita Partnerships.

Robert D. Radcliffe, Midvale, Utah, for Werner Heim, Hemisphere Licensing Corp., Elektra Energy Corp., Petrotec Systems, A.G., Petrotec Holdings, A.G., and Shalelectric, S.A.

Karl A. Schledwitz, Memphis, Tenn., for the Denver Partnerships.

Richard N. Patterson, Leslie G. Landau, Patrick Cooper, McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., John A. Shutkin, Associate Gen. Counsel, New York City, for Peat, Marwick, Mitchell & Co.

Andrew R. Adler, Boornazian, Jensen & Garthe, Oakland, Cal., for Daniel L. Penner.

A. James Robertson, Peter J. Busch, James D. Leibson, Howard, Rice, Nemerovski, Canady, Robertson & Falk, San Francisco, Cal., for Friedman & Shaftan.

Robert E. Carey, Jerry Fong, Carey & Carey, Palo Alto, Cal., for Republic International Corp.

James H. Seymour, Palo Alto, Cal., for Anvil Corp.

## ORDER

THELTON E. HENDERSON, District Judge.

The foregoing recommendations of the Special Master are adopted in their entirety and shall become an Order of this Court.

## RECOMMENDATION OF SPECIAL MASTER AND ORDER THEREON

(Re Defendants' Contention Interrogatories to Plaintiffs)

### I INTRODUCTION

GERALD A. COHN, Special Master.

Defendants, FOX & COMPANY, FRIEDMAN & SHAFTAN, BASKIN & STEINGUT, and the WICHITA PARTNERSHIPS, move the Court to compel Plaintiffs to provide them with further responses to three sub-interrogatories contained in Defendants' Joint Second Set Of Interrogatories. A previous motion regarding this set of interrogatories was heard by the Special Master which resulted in an Order for Plaintiffs to provide further and more detailed answers to Defendants' interrogatories.

Initially, it should be noted that this joint set of interrogatories is indeed burdensome to Plaintiffs and there is little doubt that Plaintiffs have had to expend a great deal of time and energy in preparing their answers. But as was pointed out at the time of the prior hearing, Plaintiffs have brought a massive and complex class action and Defendants are entitled to know the factual basis for the claims which have been brought against them. Fortunately, only three sub-interrogatories remain in contention at this time. They are interrogatories 19(a), 22(a) and 41(b).

■ The dispute regarding interrogatory 41(b) can be disposed of summarily. Plaintiffs assert without reservation that they do *not* contend that at the time the subject partnerships actually acquired certain mineral rights and leases other comparable mineral rights and leases were available to these partnerships. As Plaintiffs apparently make no such claim, it is not an issue in this lawsuit and Defendants have no need for this answer. However, Plaintiffs should be aware that they will have to adhere to this position and will not be permitted to introduce any such evidence ei-

ther in response to any summary judgment motions which may be brought by Defendants or at the time of trial. With this understanding, the Special Master recommends that no further answers to this interrogatory sub-part need be given.

## II  THE PROPER SCOPE OF CONTENTION INTERROGATORIES

The remaining two interrogatory subparts raise several issues which constantly bedevil the discovery process in cases of all sizes and nature. The Courts generally approve of appropriately timed contention interrogatories as they tend to narrow issues, avoid wasteful preparation, and, it is hoped, expedite a resolution of the litigation. At the same time, the Courts are loathe to require a party to "write basically a portrait of their trial" for the other parties, as stated by Magistrate Brazil in *Cummins v. Johnson & Higgins, Inc.*, C 88 0364 JPV (June 5, 1989).[1] The Special Master in this case, in essence, expressed the same view when he previously stated that in answering Defendants' contention interrogatories Plaintiffs did not have to "start with Adam and Eve" or "write a book" for Defendants.

At the time of the hearing of Defendants' first motion to compel further answers to this joint set of interrogatories it was also stated by the Special Master that it is not possible to announce in advance a hard and fast rule as to the exact amount of detail a party has to supply in response to a contention interrogatory. The answer to this question can only be determined on a case-by-case basis and by attempting to find a reasonable solution as specific problems arise.

## III  THE FORM OF THE INTERROGATORIES

As has been noted by Plaintiffs in their memorandum, section 6b of the Northern District's recently published *Guidelines For Discovery Motion Practice And Trial* (1989) provides in part:

> "Argumentative interrogatories, attempts to cross-examine, multiple repetitive interrogatories (such as 'state all facts on which an allegation or a denial is based') are objectionable."

In *Cummins* it was noted that these guidelines do not have the force of binding law but are of considerable importance in deciding motions such as this one. Additionally, it was stated that the above-cited language does not make every interrogatory which asks a party to "state all facts" objectionable per se. The Special Master concurs in these observations.

It is not difficult to discern a significant difference between an interrogatory which, for example, asks a plaintiff to "state all facts upon which you base your contention that defendant is liable in this action" and an interrogatory which asks a plaintiff to "state all facts upon which you base your contention that defendant was in attendance at the meeting of January 10, 1989". The latter is a reasonable interrogatory and the former is not. The difficulty is that there is a substantial middle ground between these extremes and, therefore, each interrogatory has to be judged in terms of its scope and in terms of the overall context of the case at the time it is asked.

## IV  FACTS IN POSSESSION OF EXPERTS

■ If an answer to any of the Defendants' interrogatories can only be provided by resort to Plaintiffs' experts, Plaintiffs should so state in their answers to such an interrogatory. If this be the case, then Defendants can only ascertain this information through expert discovery as provided for in Federal Rule of Civil Procedure

---

1. *Cummins* is not a reported case. Plaintiffs, by way of an attachment, provided a transcript of a hearing conducted by Magistrate Brazil. It should be noted that at the time of the hearing Magistrate Brazil, who is most knowledgeable in the law pertaining to discovery, pointed out that the issues before him warranted a well throughout written opinion which he did not have time to write due to the state of his calendar.

26(b)(4)(A) and may not do so through the vehicle of contention interrogatories, as will be discussed below. On the other hand, if Plaintiffs possess factual information independent of that to be furnished by their experts, it should be provided in Plaintiffs' responses to Defendants' contention interrogatories. This is required even if Plaintiffs have conveyed this information to their experts who may later use it as a portion of their testimony.

Defendants assert in their memorandum:

"Even if plaintiffs have already engaged an expert, facts responsive to interrogatories are not shielded from discovery, whether those facts are given by a party to its expert, or known to a party through the expert. 4 *Moore's Federal Practice*, ¶ 26.66[2] at 26,409 (1989)." (Defendants' Memorandum p. 6, lines 15–19.)

The actual language in the above-referenced section of *Moore's* reads:

"As to trial preparation work, Rule 26(b)(4) protects both the expert and the party from discovery. This does not mean, however, that, independent of the expert's knowledge, the facts themselves are shielded from discovery. And facts given by the party to the expert can no more be protected than facts given to counsel by a party can be brought within the attorney-client privilege. *The same should be true of facts known to a party through the expert. This seems necessarily true in light of the 1970 amendment to Rule 33 making opinions, conclusions, and contentions discoverable.*" (emphasis added)

*Moore's* cites no authority or legislative history for the proposition contained in the last two sentences of the above quote which contradicts the clear language of Rule 26(b)(4) which states in pertinent part:

"Discovery of *facts known* and opinions held *by experts* ... *may be obtained only* as follows:" (emphasis added)

One simply cannot ignore that Rule 26(b)(4) specifically states "facts known" in addition to "opinions held" by experts. The

Special Master is not prepared to recommend to the Court that it uncritically follow the musings of the editors of *Moore's* and ignore the clear language of the Rule itself. Moreover, while it is eminently sensible to prohibit a party from protecting facts in his possession from contention interrogatory discovery by the simple expedient of relating them to his expert, the converse is not sensible. If facts which are obtained by the expert from sources other than the party who retained him may be reached by contention interrogatories once they are conveyed to the party by the expert, it will have an unwarranted chilling effect on communications between that party and his expert.

Defendants also cite *Marine Petroleum Co. v. Champlin Petroleum Co.* 641 F.2d 984 (DC Cir.1980) in support of their position. The following should be noted with respect to the *Marine* opinion. First, it merely cites by way of dictum *Moore's* unsubstantiated proposition without any critical analysis. Second, irrespective of this dictum, the *Marine* Court denied the request for the subject discovery. Third, in the nine years since *Marine* was decided it has been cited only once with respect to this dictum. Defendants cite that subsequent case in their memorandum, *Puerto Rico Aqueduct & Sewer Auth. v. Clow Corp.* 108 F.R.D. 304, 311 (DPR 1985). The *Puerto Rico* opinion merely refers to the *Marine* dictum without engaging in any analysis of Rule 26(b)(4).

In short, no persuasive authority has been cited which would warrant that this Court depart from the dictates of Rule 26(b)(4). Finally, it should be noted that Defendants will suffer no prejudice and will have ample opportunity to obtain this factual information when they take their discovery of Plaintiffs' experts.

## V SUMMARY JUDGMENT AS A METHOD OF DISCOVERY

█ Finally, with all due respect, the Special Master is not prepared to concur with the suggestion in *Cummins, supra,*

that the vehicle of a summary judgment motion should be used as a substitute for formal discovery. While it is true a party's contentions can often be "flushed out" by way of a summary judgment motion, this is not why the Federal Rules provide for summary judgment motions. On the contrary, the Rules anticipate that by the time a summary judgment motion is brought all parties will have had an opportunity to take reasonable discovery. In fact, if such an opportunity has not been afforded, that in itself is a proper basis for either denying or continuing the motion. See Federal Rules of Civil Procedure 56(f).

## VI THE SPECIAL MASTER'S RECOMMENDATIONS

■ With the foregoing guidelines in mind, the two remaining interrogatory subparts may now be addressed.

Interrogatory 19(a) reads as follows:

"INTERROGATORY NO. 19:

With respect to the allegation, set forth in paragraph 38(g) of the *Roberts* Complaint and paragraph 29(g) of the *Schur* Complaint, that 'comparable EOR technology was available to the partnerships for significantly less money than the amount which was committed to be paid by the partnerships to Elektra/Hemisphere':

(a) Identify all facts upon which you base this allegation;"

Plaintiffs' response to this interrogatory is as follows:

"RESPONSE TO INTERROGATORY NO. 19:

(a) Plaintiffs object to this interrogatory on the ground that the response is dependent on expert testimony."

The Special Master finds that this interrogatory sub-part is a discrete and reasonable question in the context of this lawsuit and that it can be answered without undue burden on Plaintiffs. If, in fact, the factu-

al information which is responsive to this interrogatory can only be provided by Plaintiffs' experts, Plaintiffs should so state in their answer. If Plaintiffs possess any factual information independent of that to be provided by their experts, that information should be provided to Defendants.

■ Interrogatory No. 22(a) reads as follows:

"INTERROGATORY NO. 22:

With respect to the allegation, set forth in paragraph 38(k) of the *Roberts* Complaint and paragraph 29(k) of the *Schur* Complaint, that 'there had been no discovery of commercially recoverable mineral deposits on any of the oil properties which the partnerships acquired':

(a) Identify all facts upon which you base this allegation;"

Plaintiffs' response to this interrogatory is as follows:

"RESPONSE TO INTERROGATORY NO. 22:

(a) Plaintiffs object to this interrogatory on the ground that the response is dependent, in part, on expert testimony. Without waiving the foregoing objection, plaintiffs respond as follows.

The Utah Tar Sand Triangle, Burnt Hollow, Wyoming, and Circle Cliffs, Utah properties had never been successfully commercially exploited prior to the time that the partnerships acquired interests therein. Projects previously attempted by major oil companies in or near the properties acquired by the partnerships had been unsuccessful and were abandoned. These properties have never been successfully commercially exploited at any time. They are tar sand properties with reservoir characteristics such that they are not capable of being successfully commercially exploited with any known technologies.

The Parker Field was continually in production since 1869 and, by the time the partnerships acquired interest therein, was essentially abandoned since it had been depleted of its oil."

If the answer to this interrogatory subpart contains all the factual information in Plaintiffs' possession independent of that to be provided by Plaintiffs' experts, Plaintiffs should so state and their answer will be sufficient. If Plaintiffs possess any other factual information independent of that to be provided by their experts, it should be provided.

It is the recommendation of the Special Master that Plaintiffs be required to further answer interrogatories 19(a) and 22(a) in the manner described above and that no further answers need be given as to interrogatory 41(b).

See also, D.C., 130 F.R.D. 416, D.C., 130 F.R.D. 424.