Charles R. McCARTHY, Jr.,
and Connell Medley,

v.

PAINE WEBBER GROUP, INC.,
Painewebber Incorporated,
and Malcom Corp.

Civil No. 3:92–cv–301 (WWE).

United States District Court,
D. Connecticut.

July 22, 1996.

Richard A. Bieder, Richard A. Fuchs, Elizabeth Koskoff, Koskoff, Koskoff & Bieder, P.C., Bridgeport, CT, Herbert E. Milstein, Andrew N. Friedman, Theresa Crumpler Anzaldua, Cohen, Milstein, Hausfeld & Toll, Washington, DC, Arthur M. Schwartzstein, Washington, DC, for Charles R. McCarthy, Jr., Connell Medley.

John R. Snyder, Bingham Dana & Gould, Boston, MA, James Scott Rollins, Bingham, Dana & Gould, Hartford, CT, for Paine Webber Group, Inc., Painwebber Inc.

John R. Snyder, Bingham Dana & Gould, Boston, MA, Carol A. Fantozzi, James Scott

Rollins, Bingham Dana & Gould, Hartford, CT, for Malcom Corp., John F. Perkowski, William C. Bush.

## RULING ON MOTION TO COMPEL PLAINTIFFS' RESPONSES TO INTERROGATORIES

EGINTON, Senior District Judge.

This is a class action brought by a class of limited partners alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, and related state law claims. Defendant Malcom Corporation moves to compel plaintiffs to answer its "First Set of Interrogatories" which are substantially the same as the statements required by the Standing Order in Civil RICO Cases of the District of Connecticut. Plaintiffs object to the interrogatories on the grounds that (1) defendant should not be permitted to "evade" the interrogatory limit set forth in Fed.R.Civ.P. 33; and (2) as contention interrogatories, they should be propounded, if at all, only after the close of discovery. For the following reasons, the motion will be denied.

In an endorsement order dated November 29, 1995, this court denied a "Motion For An Order Requiring Plaintiffs to File a RICO Case Statement or in the Alternative to Increase Defendants' Interrogatory Limit" that was brought by all defendants. In denying the motion, the court ruled that this District's Standing Order in Civil RICO Cases did not apply retroactively and that, should defendants wish to propound more than the twenty-five (25) interrogatories permitted by the Federal Rules of Civil Procedure, the interrogatories should be submitted to the court for review.

■ Defendant argues that it was not necessary to submit the interrogatories at issue here for review because it, as an individual defendant, has not exceeded the twenty-five interrogatory limit. As a preliminary matter, the proposed interrogatories consist of twenty-six (26) subparts. Therefore, defendant was required to seek leave of this court before propounding the interrogatories regardless of whether he, as an individual de-

fendant, has not previously propounded interrogatories. Fed.R.Civ.P. 33.

Furthermore, defendant's argument is disingenuous. Rule 33 of the Federal Rules of Civil Procedure provides that "each party" may submit up to twenty-five interrogatories "including all discrete subparts" without leave of court. However, in this case, all defendants have been represented by the same law firm since May 1993, and have jointly filed and responded to all motions since that time. In fact, all defendants brought the previously mentioned motion to compel answers to the same type of interrogatories that are at issue here. The motion was denied. However, in the interests of judicial economy, the court will construe the present motion as a request for review of the proposed interrogatories.

█ Plaintiffs argue that the answers to the proposed interrogatories should not be compelled at this time, if at all, because they are contention interrogatories. The term "contention interrogatories" refers to several types of questions. They may ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts. They are distinct from interrogatories that request identification of witnesses or documents that bear on the allegations. *In re Convergent Technologies Securities Lit.,* 108 F.R.D. 328, 332–33 (N.D.Cal.1985).

█ A contention interrogatory is not "necessarily objectionable merely because an answer to it involves an opinion or contention that relates to fact or the application of law to fact." Fed.R.Civ.P. 33(c). However, because of their nature, they "are more appropriate after a substantial amount of discovery has been conducted." *Fischer and Porter Co. v. Tolson,* 143 F.R.D. 93, 95 (E.D.Pa. 1992) (citations omitted). "Interrogatories seeking to elicit a party's contentions at the time of trial are not objectionable, as responses to these questions will help narrow the issues to be tried." *Leksi, Inc. v. Federal Ins. Co.,* 129 F.R.D. 99, 107 (D.N.J.1989). Therefore, the court has the discretion to order that a contention interrogatory not be answered until after designated discovery has been completed, until a pre-trial conference has been held, or until some other later time. Fed.R.Civ.P. 33(c).

█ The proposed interrogatories in this case seek to elicit the contentions and allegations of plaintiffs. Defendant argues that their relevance to plaintiffs' claims and to defendant's defenses is "validated by the RICO standing order" and that they are therefore "presumptively appropriate and unobjectionable." Defendant has not indicated why this information is needed at this time or how it is calculated to lead to the discovery of admissible evidence. Plaintiffs do not seriously deny that any of the information sought is relevant, but argue that, even if the information is relevant, the interrogatories are premature.

This court agrees with plaintiffs. The inquiry into the propriety of the proposed interrogatories at this time neither begins nor ends with the fact that they substantially track the Standing Order in Civil RICO Cases. The issue here is timing. Plaintiffs' contentions are clearly relevant at the outset of litigation and defendant has a right to their revelation. The Standing Order in Civil RICO Cases, requiring the filing of certain information within twenty (20) days of the filing of the complaint, was promulgated for that reason. Such information might also be relevant at the close of discovery or at the pre-trial stage, as recognized in Rule 33(c), in order to narrow the issues for trial. However, defendant has not shown why any relevance of the information that is sought by these interrogatories outweighs the burden its collection would impose on plaintiffs at this time while discovery is ongoing.

It cannot be said that the parties are at the end of the discovery stage in this litigation. Defendant does not dispute plaintiffs' contention that "substantial discovery … remains to be completed." At the present time, factual discovery is scheduled to be completed by September 18, 1996. Plaintiffs state that they have taken only one deposition and have received a "very limited number of documents." Plaintiffs' motion to compel production of documents from a third

party is pending before the United States District Court, Southern District of New York. This court has ordered that the depositions of five third parties not be taken until after that motion is ruled on.

Accordingly, defendant's Motion to Compel Plaintiffs' Responses to Interrogatories [176] is DENIED without prejudice to renew.