**Adrian E. LUCERO, Plaintiff,**

v.

**Chris VALDEZ and Mario Salbridez, Defendants.**

No. CV 05–0601 JP/WPL.

United States District Court, D. New Mexico.

March 9, 2007.

Jerry Todd Wertheim, Jones, Snead, Wertheim & Wentworth PA, Elliot L. Weinreb, Santa Fe, NM, for Plaintiff.

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DISCOVERY

LYNCH, United States Magistrate Judge.

After being acquitted of trafficking a controlled substance in state court, Adrian E. Lucero filed this civil-rights suit against Defendants, two New Mexico State Police Officers who participated in his investigation and prosecution. In his Complaint, Lucero alleged that Defendants violated police practices and procedures during the investigation and prosecution, which violated his constitutional rights to be free from unlawful seizures and to due process. (Doc. 1 at 8–12.) Lucero subsequently filed an Amended Complaint, alleging that Defendants intentionally misidentified him, falsified the basis for their probable cause determination, and engaged in a practice of identifying innocent citizens as drug traffickers to quell public dissatisfaction with law enforcement efforts in Rio Arriba County. (Doc. 48 at 1–3, 11–12, 16.) The Amended Complaint also includes a claim that Defendants violated Lucero's constitutional right to be free from malicious prosecution. (*Id.* at 15.)

Because the Amended Complaint contained new allegations against Defendants, I entered a scheduling order that allowed discovery on the new allegations and on the issue of qualified immunity. (Doc. 58.) Defendants served interrogatories and requests for production to Lucero, and have now filed a Motion to Compel Discovery. (Doc. 69.) Defendants assert that Lucero improperly

gave the same verbatim response to each of the twenty-one interrogatories they propounded:

> In addition to the documents which have already been provided to you, Plaintiff may rely on any of the documents that have been or will be produced at depositions and the documents we are providing to you herewith, plus any documents available to all parties that may permit the Court to take judicial notice of adjudicative facts. We have given you everything we have at this time. We will not know until we prepare Plaintiff's response to the forthcoming motion for summary judgment which documents may be relied on in responding to the motion. As to law, please see the law Plaintiff has previously cited to you.

(*Id.* at 3.) Defendants also assert that Lucero improperly gave a similar verbatim response to the nine Requests for Production served by Defendants:

> In addition to the documents which have already been provided to you, Plaintiff may rely on any of the documents that have been or will be produced at depositions and the documents we are providing to you herewith, plus any documents available to all parties that may permit the Court to take judicial notice of adjudicative facts. We have given you everything we have at this time. We will not know until we prepare Plaintiff's response to the forthcoming motion for summary judgment which documents may be relied on in responding to the motion.

(*Id.* at 4.) Although Defendants initially sought further responses to all of their discovery requests, in their Reply in support of their motion to compel they request that Lucero 1) provide adequate responses to Interrogatories 12 through 21, and 2) identify the documents responsive to their Requests for Production. (Doc. 77 at 8.) Defendants also request sanctions under Federal Rule of Civil Procedure 37.

Lucero failed to state any objections to Defendants' discovery requests when he served his answers and responses. In his Response Opposing Defendants' Motion to Compel, Lucero asserts that 1) he has already answered Defendants' discovery requests in previous discovery responses, 2) Defendants have submitted "blockbuster" interrogatories which are unduly burdensome, 3) Defendants are not seeking discovery but are impermissibly attempting to ascertain Lucero's response to Defendants' Motion for Summary Judgment before it is filed, and 4) he does not know yet which documents, facts and law he will rely upon in support of the allegations in his Amended Complaint. (Doc. 73 at 3–14.)

It is well established that all objections to discovery requests must be timely or they are waived, unless the court excuses the failure to object for good cause. *See* Fed. R.Civ.P. 33(b)(4), 34(b); *Essex Ins. Co. v. Neely,* 236 F.R.D. 287, 289 (N.D.W.Va.2006) (stating that although Rule 34 does not contain the same provisions for specificity of objections and waiver as Rule 33, the procedure provided for in Rule 34 is essentially the same as that in Rule 33). However, even considering Lucero's untimely objections, Defendants are entitled to further discovery responses from him.

Lucero first asserts that he had already provided to Defendants all information about his contentions because he had previously responded thoroughly to other discovery requests propounded by Defendants. While it is true that Lucero provided fairly detailed information in response to Defendants' earlier discovery requests, the whole tenor of this case changed when Lucero filed his Amended Complaint, which shifted his theory of the case to claim that Defendants' intentional acts to misidentify him and falsify the basis for their probable cause determination was part of a practice of accusing innocent persons in Rio Arriba County as drug traffickers. Interrogatories 12 through 21 seek information about the new contentions set out in Lucero's Amended Complaint. It may be that Lucero does not have any further information to support these new allegations, but if that is correct he must state that so Defendants know he has no additional information to support the allegations. If Lucero has additional information to support his new claims, he must provide such information in

answer to the discovery requests and cannot rely on his prior discovery responses.

■ Lucero next asserts that Defendants' interrogatories are "blockbuster" interrogatories which are improper as a matter of law. While some courts have criticized the indiscriminate use of contention interrogatories, no court has categorically prohibited their use in all cases.

Contention interrogatories are interrogatories that seek to clarify the basis for or the scope of an adversary's claims. *Starcher v. Corr. Med. Sys. Inc.*, 144 F.3d 418, 421 n. 2 (6th Cir.1998), *aff'd sub nom. Cunningham v. Hamilton County*, 527 U.S. 198, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999). The phrase "contention interrogatories" has been used imprecisely to refer to several types of questions. *McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 450 (D.Conn.1996). Contention interrogatories may "ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts." *Id.* Contention interrogatories are distinct from interrogatories that request identification of witnesses or documents that support a party's contentions. *Id.*

■ Some courts have criticized the use of contention interrogatories, especially if they are broadly drafted and served early in the discovery process. *See Roberts v. Heim*, 130 F.R.D. 424, 427–28 (N.D.Cal.1989); *In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 333–39 (N.D.Cal.1985). Contention interrogatories that systematically track all of the allegations in an opposing party's pleadings, and that ask for "each and every fact" and application of law to fact that supports the party's allegations, are an abuse of the discovery process because they are overly broad and unduly burdensome. *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D.Kan.1998); *Convergent Tech.*, 108 F.R.D. at 338. These same courts, however, have recognized the important benefits that result from clarifying and narrowing the issues in litigation as early as possible, and analyze contention interrogatories on an issue by issue basis. *See IBP, Inc.*, 179 F.R.D.

at 321–23; *Roberts*, 130 F.R.D. at 427; *Convergent Tech.*, 108 F.R.D. at 337.

■ Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents. *See Hiskett v. Wal–Mart Stores, Inc.*, 180 F.R.D. 403, 404 (D.Kan.1998); *Lawrence v. First Kansas Bank & Trust*, 169 F.R.D. 657, 663 (D.Kan. 1996). Interrogatories may ask for the material or principal facts that support a party's contentions, and contention interrogatories that do not encompass every allegation, or a significant number of allegations, made by a party are proper. *See Hiskett*, 180 F.R.D. at 405. Courts have considerable discretion in determining when contention interrogatories must be answered, and there is considerable support for deferring answers to contention interrogatories until after a substantial amount of discovery has been completed. *See* FED.R.CIV.P. 33(c); *McCarthy*, 168 F.R.D. at 450. A party that wishes to serve contention interrogatories early in the discovery process must serve only a limited set of interrogatories and must be able to demonstrate that answers to the questions will clarify the issues in the case, narrow the scope of the dispute, set up early settlement discussions, or expose a substantial basis for a motion under Rule 11 or Rule 56. *Convergent Tech.*, 108 F.R.D. at 338–39.

Discovery on the new allegations in the Amended Complaint and the issue of qualified immunity will terminate on March 19, 2007. Since discovery should be substantially completed on those issues by now, Defendants' contention interrogatories that seek to clarify the basis for and scope of Lucero's claims are appropriate at this time.

Defendants' Interrogatories 12–13 and 16–21 identify contentions set out in Lucero's Amended Complaint and request Lucero to "[s]tate the basis for and identify each document" that supports that contention. Although these interrogatories track many of the allegations in the Amended Complaint, they specifically target new claims made in the Amended Complaint and do not seek "each and every fact" in support of those

claims. I will order Lucero to provide further answers to these interrogatories. Lucero need not provide a narrative account of his case in response to these interrogatories, but should set forth the material or principal facts that support his claims. He must also identify the documents that support his claims.

Interrogatory 14 requests Lucero to identify each instance in which Defendants falsely identified innocent citizens as drug traffickers, and requests specific information about each instance. Interrogatory 15 requests Lucero to identify the thirty-four cases in which Lucero contends that Defendant Salbridez was the complaining witness and which did not result in new jail time for the accused person, and requests specific information about each case. I find that subparts (c) and (d) to Interrogatory 14 and subparts (c), (d), and (e) to Interrogatory 15 are overly broad and unduly burdensome, and Lucero will not be required to provide answers to them.

Lucero asserts that Defendants are not really seeking discovery with their interrogatories and request for production, but are attempting to "flush out" responses to their prospective motion for summary judgment before they file the motion. This assertion is completely undercut by Lucero's next argument, that he "truthfully does not know yet which documents, facts, and law he may rely on in support of each allegation in the amended complaint." (Doc. 73 at 13–14.) Defendants are not required to wait for Lucero's response to their motion for summary judgment to find out the facts, documents and law that Lucero contends supports his claims in this case. *Roberts*, 130 F.R.D. at 428–29. Instead, the Federal Rules of Civil Procedure provide for a period of time for parties to complete necessary discovery before the filing of appropriate motions. *Id.*

■ Lucero failed to comply with Rule 33 when, in response to Defendants' discovery requests, he simply referred Defendants to documents he had already produced or documents that would be produced during further discovery. While a party may produce records in lieu of answering an interrogatory,

Rule 33(d) requires the party to identify the document in sufficient detail that will allow the other party to locate it. FED.R.CIV.P. 33(d); *Capacchione v. Charlotte–Mecklenburg Sch.*, 182 F.R.D. 486, 490 (W.D.N.C. 1998). Simply referring a party to a mass of records, or offering to make a party's records generally available, is not a sufficient response. *Capacchione*, 182 F.R.D. at 490.

■ The decision to grant expenses or order sanctions is within the sound discretion of the district court. *See* FED.R.CIV.P. 37(a)(4). Since Lucero had previously provided substantial information in response to Defendants' discovery requests, Defendants have withdrawn their requests for further responses to Interrogatories 1–11, and certain of Defendants' remaining interrogatories are overly broad and unduly burdensome, it would be unjust to award expenses or sanctions to either party.

Lucero shall provide further discovery responses to Interrogatories 12–13, 14(a), (b) and (e), 15(a), (b), and (f), and 16–21. Lucero shall also provide further discovery responses to Requests for Production 1–9. These discovery responses will be due by March 26, 2007.

IT IS SO ORDERED.