**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>
PEOPLE OF THE STATE OF
CALIFORNIA and THE CITY OF SAN
DIEGO,

           Plaintiffs - Appellants,

  v.

KINDER MORGAN ENERGY
PARTNERS, LP; et al.,

           Defendants - Appellees.
</td><td>
No. 13-55297

D.C. No. 3:07-cv-01883-MMA-
WVG


MEMORANDUM[*]
</td></tr>
</table>

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted February 3, 2015
Pasadena, California

Before: PREGERSON and NGUYEN, Circuit Judges, and WHALEY, Senior
District Judge.[**]

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The Honorable Robert H. Whaley, Senior District Judge for the U.S.
District Court for the Eastern District of Washington, sitting by designation.

Plaintiffs the City of San Diego and the State of California (collectively, the "City") appeal the district court's orders relating to discovery and its grant of summary judgment in favor of Defendants Kinder Morgan Energy Partners, L.P., Kinder Morgan Management, LLC, SFPP, L.P., Kinder Morgan Operating, L.P. "D", Kinder Morgan G.P., Inc., and Santa Fe Pacific Pipelines, Inc. (collectively, "Kinder Morgan"). We affirm in part, reverse and remand in part.

1.    Discovery Rulings and Imposition of Sanctions

We review the district court's discovery rulings for abuse of discretion, *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 822 (9th Cir. 2011), and affirm. First, the district court did not abuse its discretion in denying the City's request for discovery into profits at the Mission Valley Terminal on the ground that the discovery sought is irrelevant under California law. *See Watson Land Co. v. Shell Oil Co.*, 29 Cal. Rptr. 3d 343, 349-50 (Ct. App. 2005). Similarly, the district court did not err in denying the City's request for an order compelling Kinder Morgan to produce non-redacted versions of documents. The City cites no binding authority to support its claim that a party may never redact non-privileged information.

Further, the district court was well within its discretion in imposing sanctions based on the City's violations of its orders. The City was not free to

disobey multiple court orders by repeatedly asserting that it could withhold non-expert, non-privileged factual information in its possession until the exchange of expert reports. Moreover, *Roberts v. Heim*, 130 F.R.D. 424 (N.D. Cal. 1989), the case on which the City relies, does not support the City's position. *See id.* at 428 (stating that "if Plaintiffs possess factual information independent of that to be furnished by their experts, it should be provided . . ."). And the district court did not abuse its discretion in finding that the City failed to make its reliance on *Roberts* clear in its answers to Kinder Morgan's interrogatories.

2.      Proposition 65 Claim

We review de novo the district court's grant of summary judgment on the City's Proposition 65 claim, *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010), and affirm. The City argues that the Mission Valley aquifer is a "present source of drinking water" under Cal. Health & Safety Code § 25249.11(d) because two religious organizations proposed using it as a source of drinking water during the one-year statutory period. We begin with the plain language of the statute. *Voices of the Wetlands v. State Water Res. Control Bd.*, 257 P.3d 81, 93 (Cal. 2011) (stating, "When interpreting statutes, we begin with the plain, commonsense meaning of the language . . ."). The adjective "present" is defined as "now existing or in progress." Webster's Third New International Dictionary

3

1793 (2002).  The district court correctly found that the City failed to present any evidence that the aquifer is presently used as a source of drinking water.  Merely proposing to use the aquifer does not render it an existing source of drinking water.  Further, while a "present source of drinking water" can include water sources "currently destined to be used as drinking water," *People ex rel. Lungren v. Superior Court*, 14 Cal. 4th 294, 307 (1996), the City has put forth no evidence that the aquifer was "destined" to be so used.[1]

3.      Exclusion of Ray Forrester

The City appeals the exclusion of Opinions 5 through 11 in Forrester's expert report.  We review for abuse of discretion, *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1191 (9th Cir. 2007), and reverse.  The problems with Forrester's opinions identified by the district court amount to impeachment and do not warrant exclusion under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).  *See City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014) (stating that under *Daubert*, "[t]he judge is 'supposed to screen the jury from unreliable

---

[1]The City also argues on appeal that the aquifer falls within Proposition 65 because it is "water which is identified or designated in a water quality control plan adopted by a regional board as being suitable for domestic or municipal uses" under Cal. Health & Safety Code § 25249.11(d).  However, this claim was dismissed in 2008, and the City did not re-allege the claim in its First Amended Complaint.

4

nonsense opinions, but not exclude opinions merely because they are impeachable.'") (quoting *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013)). Forrester's assumption about the pre-contamination condition of the City's property goes to weight and not admissibility. Similarly, his testimony that he now prefers a remediation technique that differs from the one described in his expert report may undercut the accuracy of his analyses, but it is not "significant enough to render his entire analysis unreliable" and thus inadmissible. *See id.* at 1048.

4. Damages

The district court granted summary judgment against the City on its alleged restoration damages on the ground that the City lacked evidence to support this theory due to Forrester's exclusion. Because we reverse the exclusion of Forrester's Opinions 5 through 11, it follows that we also reverse the district court's grant of summary judgment as to the City's restoration damages theory.

The district court also granted summary judgment against the City on its alleged real estate damages on the ground that nuisance and trespass damages under Cal. Civil Code § 3334 cannot be based on a hypothetical highest and best use, and are instead limited to "the rental value of its land as it existed"—*i.e.*, as a stadium. However, § 3334 damages can be proved through estimates of a

5

property's rental value based on hypothetical assumptions rather than its actual use. *See, e.g.*, *Don v. Trojan Constr. Co.*, 178 Cal. App. 2d 135, 136-38 (1960) (permitting § 3334 damages to be proved by testimony about the rental value of the land based on a hypothetical use that was more valuable than the land's actual use); *Smpardos v. Piombo Constr. Co.*, 111 Cal. App. 2d 415, 417-19 (1952) (permitting damages to be proved by testimony about the rental value of the property based on a hypothetical use). We therefore reverse the district court's grant of summary judgment on the City's real estate damages theory.

Finally, the district court granted summary judgment against the City on its loss of use damages theory on the ground that the City failed to show that a drinking water project is viable. Reviewing the record in the light most favorable to the City, as we must, the evidence is sufficient to survive summary judgment. The City's witness, Michael Welch, testified that it is possible to extract water from the aquifer, and authored a concept study describing the development of a potable water supply facility. Prior to World War II, the aquifer was in fact used as a source of drinking water. Summary judgment was therefore improper because a rational jury could reasonably conclude that a drinking water project on the property is viable. Whether this evidence supports the amount of damages requested is a separate question, and it is up to the factfinder to determine whether

6

and to what extent it may rely on City expert Steven Waters's estimates as to the value of the water that the City claims it could have obtained from the aquifer. We therefore reverse the district court's grant of summary judgment on the City's loss of use damages theory.[2]

     5.     <u>Nuisance and Trespass</u>

The district court granted summary judgment against the City on its private nuisance and trespass claims on the ground that the City lacked evidence showing that its claims are timely and that its damages theories failed as a matter of law. In light of our conclusions above, we also reverse the district court's grant of summary judgment on the City's private nuisance and trespass claims.

The district court also granted summary judgment against the City on its public nuisance claim on the ground that the City lacked evidence to show the contamination "affects at the same time an entire community or neighborhood, or any considerable number of persons," Cal. Civ. Code § 3480, and that the City's damages theories failed as a matter of law. Viewing the evidence in the light most favorable to the City, we reverse because a rational jury could reasonably conclude

---

     [2]As part of its alleged water damages, the City also claimed it is entitled to damages for resources extracted without compensation. The district court granted summary judgment in favor of Kinder Morgan on that theory of damages and the City has not appealed that ruling.

that the alleged groundwater contamination affected an entire neighborhood if the

contamination in fact delayed the City's construction of a viable drinking water

project.[3]

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**

Each party shall bear its own costs.

---

[3]The district court granted summary judgment in favor of Kinder Morgan on the City's nuisance per se theory, and the City does not appeal that ruling.