Victoria A. **LAWRENCE**, Plaintiff,

v.

**FIRST KANSAS BANK & TRUST CO.**, Defendant.

Civil Action No. 95–2555–EEO.

United States District Court, D. Kansas.

Dec. 19, 1996.

Richard D. Fry, Sherman, Taff & Bangert,
P.C., Leawood, KS, Richard W. Noble, Sher-
man, Taff & Bangert, P.C., Kansas City, MO,

Gregory M. Dennis, Noble & Associates, Kansas City, MO, for plaintiff.

Douglas R. Richmond, Armstrong, Teasdale, Schlafly & Davis, Kansas City, MO, for defendant.

### MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

The Court has before it Plaintiff's Motion for Compel Discovery (doc. 24). Pursuant to Fed.R.Civ.P. 26, 33, 34 and 37, and D.Kan. Rules 37.1 and 37.2, it seeks an order to compel defendant to produce documents and answer interrogatories. Opposing the motion, defendant contends it has reasonably provided the requested discovery, except for production of documents which are privileged, work product, or otherwise protected against discovery.

Defendant challenges the adequacy of the efforts by plaintiff to confer in good faith, as required by Fed.R.Civ.P. 37, before filing the motion. Plaintiff did not file a separate certificate of compliance. Her supporting memorandum, with its attached exhibits, nevertheless shows adequate compliance for considering the motion.

█ Plaintiff first asks that defendant be compelled to produce all Community Reinvestment Act statements to the public for 1993, 1994, and 1995. Plaintiff's Third Request for Production of Documents sought the statements. Defendant neither objected nor responded to the request. As a general rule a party who fails to assert timely objections to discovery waives them. The Court finds the opposition to the third request for production untimely. Defendant shall produce the statements, as requested.

The motion next asks that defendant be compelled to produce documents, as requested by Item 21 of Plaintiff's First Request for Production of Documents & Things to Defendant:

21. All documents pertaining or referring to any complaints, criticisms and/or adverse comments made by any defendant's customer(s), client(s), business prospect(s), governmental bank examiner(s) or officials, or any other person or entity, regarding any of defendant's employees, officers and/or officials since May 5, 1990 to present, *inclusive.*

Defendant objected to this request upon the grounds it is overly broad, unduly burdensome, so vague as to be unanswerable, not reasonably calculated to lead to the discovery of admissible evidence, and intrusive upon information protected as work product and by the attorney-client privilege. Without waiving its objections, defendant also agreed to produce any non-privileged responsive documents, if their disclosure is not precluded by federal banking laws. Based upon this concession, the Court will order defendant to produce those responsive documents which it has thus agreed to produce.

█ The Court otherwise sustains the objection that Item 21 of the first request is overly broad and unduly burdensome. Plaintiff has argued and cited cases in support of the proposition that, in opposing the discovery, defendant bears the burden to support its objection with facts and, if necessary, by affidavits and not merely with conclusions. The Court agrees with this general principle. In this instance, however, the Court finds the request overly broad and unduly burdensome on its face. It will not require additional facts and supporting affidavits to support what appears obvious. The request asks for "all documents pertaining ... to any complaints, criticisms and/or adverse comments made by any ... person or entity, regarding any of defendant's employees, officers and/or officials" over a period of six years. This would require the defendant bank to review not only personnel files, but also loan files and any logs of customer complaints, regardless of the nature of the complaint. In this case plaintiff individually asserts federal and state claims for age and sex discrimination and retaliatory discharge and one for breach of a contract of employment. The Court finds no need for discovery of the magnitude requested.

The motion next seeks production responsive to Items 21 through 25 of Plaintiff's Second Request for Production of Documents & Things to Defendant. Those items all seek minutes of the meetings of the Board of

Directors of defendant bank to the extent they were not provided as part of its initial disclosures of March 14, 1996 to plaintiff. Defendant objected to these requests on grounds they are unduly burdensome, overly broad, not reasonably calculated to lead to discoverable evidence, protected as work product or by the attorney-client privilege, and intrusive upon proprietary or confidential business information or trade secrets.

■■■ Defendant has not adequately substantiated its objections to Items 21 through 25. It has not shown the requests to be unduly burdensome, overly broad, or irrelevant. Relevant proprietary and confidential information and trade secrets, furthermore, are not by their nature exempt from discovery. A party may move for a protective order to limit their use. In this instance the Court finds no motion for such a protective order. Defendant shall produce the minutes, as requested.

The motion next asks for production of Items 26 through 34 of Plaintiff's Second Request for Production of Documents & Things to Defendant. These items all seek documents "pertaining to" reports, examinations, directions, or reviews by or for the Federal Deposit Insurance Corporation or the Kansas State Banking Board. Defendant objected to these requests upon grounds they are unanswerably vague, overly broad and not reasonably calculated to lead to the production of admissible evidence.

■ The Court sustains the objections to Requests 26 through 34. The Court finds them overly broad and not reasonably calculated to lead to the discovery of admissible evidence. This case involves the claim of plaintiff Victoria A. Lawrence for alleged discrimination in her employment with the defendant bank. Plaintiff has not persuasively shown the relevancy of documents relating to supervision of banking operations by the Federal Deposit Insurance Corporation or the Kansas State Banking Board. The Court otherwise finds no such relevancy.

■ The motion next asks that defendant be required to answer Interrogatories 1(b), 2(b), 3(b), 5(b), and 6(b) of Plaintiff's First Interrogatories to Defendant. They ask re-

spectively that defendant identify all documents which it contends support its refusal to admit paragraphs 4, 5, 7, 13 and 14 of the complaint. Defendant objected to the interrogatories solely upon the grounds the responsive information is protected as work product and by the attorney-client privilege. The Court overrules the objections for two reasons: First, defendant has failed to "describe the nature of the documents … in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection," as required by Fed. R.Civ.P. 26(b)(5). Second, the principles of work product and attorney-client privilege do not apply to the mere identification of the documents containing such protected information, only to their substantive content. Fed.R.Civ.P. 26(b)(5) makes that obvious, because it specifically requires such identification prerequisite to the protection. Accordingly, defendant shall fully answer Interrogatories 1(b), 2(b), 3(b), 5(b), and 6(b) of Plaintiff's First Interrogatories to Defendant.

The motion next addresses Interrogatories 7 through 14 of Plaintiff's First Interrogatories to Defendant. They all ask defendant to provide the following information with respect to denials asserted in its answer to the complaint:

(a) All facts which you contend support your refusal or failure to admit in the particular paragraph plaintiff's *Complaint.*

(b) For each fast (sic) listed in response to subsection (a) *above,* identify … all documents which you contend support your refusal to admit in the particular paragraph in plaintiff's *Complaint.*

(c) For each fact listed in response to subsection (a) *above,* identify … each person purporting to have knowledge of the factual data upon which you base, in whole or in part, your refusal to admit the particular paragraph in plaintiff's *Complaint.*

(d) If any part of this interrogatory question is answered on information and belief, then set forth (i) the specific information believed, (ii) the source of the information, (iii) when and in what manner the information was obtained, and (iv) why it is rea-

sonable to believe the information is correct.

Defendant objected to Interrogatories 7 through 14 upon the grounds they are overly broad, unduly burdensome, so vague as to be unanswerable, and called for information protected as work product or by the attorney-client privilege.

The Court will overrule two of these objections. It does not find the interrogatories vague. Nor does it find that defendant has substantiated its objections of privilege and work product, as required by Fed.R.Civ.P. 26(b)(5).

The Court will address, however, the objection that Interrogatories 7 through 14 are overly broad and unduly burdensome. In total they ask defendant to provide the requested information for the support of its denial of 58 paragraphs of the complaint (15–28, 30–35, 37–42, 44–49, 51–56, 58–63, 65–70, and 72–79). The denied paragraphs of the complaint to which these interrogatories refer include many allegations of evidentiary facts. A sampling includes the following:

16. While employed at First Kansas, Plaintiff was denied access by Peter Fiene, Plaintiff's supervisor, to programs and activities sponsored or supported by Defendant and was told that such activities and programs were for men only.

20. Later in April 1995, Plaintiff was asked by Peter Fiene when she was going to retire, and was told that she should speak with her husband about an early retirement and about starting her own business. Plaintiff told Peter Fiene that she intended to work until she was fifty-nine and one-half (59½) years of age, because all she had ever done was banking. Plaintiff was forty-six (46) years at the time.

24. In late April to early May 1995, Plaintiff was told that she was not going to be handling loans or loan processing as in the past. Plaintiff was told that her duties were to be confined to underwriting, loan review and loan compliance.

77. While employed at First Kansas, Plaintiff received superior performance evaluation and performed her job in a satisfactory manner.

The denied allegations to which the interrogatories refer also include allegations of ultimate facts, such as the following:

30. Defendant, First Bank, intentionally engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C.A. § 621 et seq., by eliminating Plaintiff's position and by terminating Plaintiff's employment because of her age.

31. Defendant's actions, as noted above, were discriminatory and constituted a disparity in treatment toward Plaintiff and, as such, were unlawful employment practices in violation of ADEA 19 U.S.C.A. § 621 et seq.

65. The acts complained of by Plaintiff, including her termination, were in retaliation for her statement that she intended to report discriminatory conduct under the *Kansas Discrimination in Employment Act,* K.S.A. § 44–1110 et seq., and *Kansas Acts Against Discrimination,* K.S.A. § 44–1110 et seq., to the appropriate parties and violates K.S.A. §§ 44–1113(5) and 44–1009(4).

72. An implied employment contract existed between Plaintiff and Defendant based upon the understanding and intent between Plaintiff and First Kansas, First Kansas' employee handbook, and the conduct and practices of the Defendant.

79. As a direct and proximate result of Defendant's breach of contract, Plaintiff has been monetarily damaged.

The Court could construe Interrogatories 7 through 14, each with four sub-parts, addressing denials of 58 separate paragraphs of the complaint, in substance as 232 separate interrogatories. See Fed.R.Civ.P. 33(a). They literally request defendant to provide not simply the principal or material facts, but "all" facts upon which defendant relies for its denials. They also require it to identify every document and person which supports each such denial. For anything stated upon information and belief, as opposed to first-hand knowledge, they require the source of the information believed, how it was obtained, and why it was reasonable to believe it.

Except for matters admitted in the complaint, which would not be disputed at trial, the interrogatories in question would require defendant to provide the equivalent of a narrative account of its case in defense, addressing each issue and detail raised by its denials. This would include every evidentiary fact, details of testimony by supporting witnesses, contents of supporting documents, and even argumentative justification for its belief of facts beyond the knowledge of defendant. The Court can hardly construe the intent of plaintiff as anything less, given her requests for "all facts" and her repeated emphasis in her memoranda upon the word "all."

Compliance by defendant with Fed. R.Civ.P. 26(a)(1)(A) and (B) for initial disclosures of identities of persons with discoverable information and documents relevant to disputed facts alleged with particularity in the pleadings should reduce the need for redundant interrogatories about the same subject matter. Rule 26(e), furthermore, requires parties to supplement their disclosures, as well as their responses to discovery. In this case the Court notes that defendant filed its certificate of service of initial disclosures on March 15, 1996.

Recent secondary authority counsels discretion and a tempered use of contention interrogatories and those which duplicate initial disclosures:

Each interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only. The question should be objective and nonargumentative. They should not seek narrative answers or attempt to argue, cross-examine, or impeach. They should be written so that the question and the expected answer can be understood easily when read at trial. Samples of interrogatories are set out in Appendix 2.

Whenever a decision is made to propound interrogatories, counsel should have clearly in mind what information he seeks and what he intends to do with it. Interrogatories should be targeted at discrete issues, rather than blanketing the case, and should be few in number. The Rules permit a party to serve on any other party no more than twenty-five interrogatories, including all discrete subparts. That number can be exceeded only with leave of court or a stipulation from the opposing party. Local rules may also impose limits on the use of interrogatories.

Even where fewer than twenty-five interrogatories are served, or the parties have agreed pursuant Rule 29 to allow a greater number, judges may look askance at sets of interrogatories that appear to be unduly burdensome, and may demand a justification for the interrogatories before ordering responses....

A particular problem is the use of definitions of the term "identify" that attempt to force an opponent to provide information about every document, witness, or event referred to in the interrogatory answers. Such sweeping definitions tend to be ineffective and invite objections—often legitimate—that they are too burdensome, rendering the entire set of interrogatories useless.

William W. Schwarzer et al., *Civil Discovery and Mandatory Disclosure: A Guide to Efficient Practice,* 4–5 to 4–7 (2d ed.1994).

■ Interrogatories 7 through 14 represent a type of excess which in the opinion of the Court has become too common in recent years. The Federal Rules of Civil Procedure contemplate a reasonable period of time for reasonable discovery. The Court finds nothing to suggest the Rules are designed to open the floodgates for uncontrolled, excessively time-consuming searches and flows of words and documents, simply because a lawsuit has been filed. In some instances the appetite for information and documents under a rubric of reasonable discovery has overgrown an underlying case, preoccupying counsel with minutiae and detail to the extent it becomes more harassing than productive. Too often such a case has bogged down with subsidiary disputes and motion practice over discovery matters, far beyond what the issues justify or what either clients or the Court should tolerate.

■ In this instance the Court finds that Interrogatories 7 through 14 are overly broad. They place an unreasonable burden

upon the party who must answer them. Part of that burden arises in this case by the characteristic common to these interrogatories for asking defendant to provide "all" facts in support of its denials of allegations pled by plaintiff. To state "all" facts in support of a negative proposition, of course, includes an inventory of evidence which defendant itself would offer at trial to refute the claims of plaintiff. Beyond that, however, it would further require defendant to provide essentially a review of facts and commentary to support its evaluation, if any, that the anticipated evidence of plaintiff as to each disputed paragraph of the complaint simply lacks weight or credibility. The request for "all" facts, based not only upon knowledge, but also upon simply information and belief, adds a significant and unreasonable burden to the task of the answering party.

Plaintiff urges that defendant may not object to the interrogatories, because it directed similar interrogatories to her. The Court disagrees for several reasons. First, parties may simply elect to respond differently to the same or a similar interrogatory. One may choose to respond without objections. Another may choose to object.

■ Second, by serving an interrogatory, a party does not necessarily work a forfeiture, waiver or estoppel against objecting to the same or a similar interrogatory later served upon it. It may defeat some objections, like those based on vagueness or irrelevancy. It would not have waived other objections, however, such as those based upon undue burden or privilege. The same interrogatory may impose different burdens upon parties. One party may have few or no resources of information. Another may have many. One party may have responsive information which is privileged. Another may have none. In this case the Court finds no inconsistency in the conduct of defendant in having directed interrogatories to plaintiff and now objecting to similar ones as unduly burdensome.

Third, the contention interrogatories which defendant served upon plaintiff appear to differ in pertinent respects from those now before the Court. Interrogatories served upon plaintiff did not require her to set forth all facts in support of denials. They did not ask her to identify facts not known but asserted only upon information and belief. Nor did they seek argument as to why it is reasonable to believe the supporting information.

Fourth, although plaintiff urges that her interrogatories merely follow a model initiated by defendant, it apparently served upon her only eight contention interrogatories, similar to those presented by this motion. Those eight relate to allegations in only seven of the 79 paragraphs of the complaint. In contrast, the interrogatories served by plaintiff upon defendant address 58 of those paragraphs. Schwarzer discourages the use of contention interrogatories, requiring the kind of intricate details sought by plaintiff:

> Some lawyers attempt to use contention interrogatories to require the opponent to state every fact, identify every witness, and specify each document supporting each allegation of the complaint or answer. Such blunderbuss interrogatories are likely to be. found objectionable and should not be used.

> It is altogether different for interrogatories to inquire about specific issues, such as whether the opponent relies on the doctrine of *res ipsa loquitur* and, if so, on what factual basis; whether the opponent contends that an article infringed a patent and, if so, what claims of the patent; whether the opponent claims that the interrogating party acted as an agent or a principal and, if so, on the basis of what facts; or whether the opponent contends that a vessel was unseaworthy, an article was defectively designed, or notice was not given within a reasonable time. All of these interrogatories technically call for opinions and conclusions, but they properly are calculated to identify and narrow issues and to lead to the discovery of relevant evidence.

> . . .

> Contention interrogatories, more than most interrogatories, are susceptible to abuse. Abuse may result from the filing of interrogatories seeking evidentiary minutiae, from interrogatories that merely argue

the case, and from prematurely filed contention interrogatories apparently designed more to trap the opponent than to discover.

Schwarzer et al., *supra*, at 4–10 to 4–11.

For the foregoing reasons the Court will sustain the objection that Interrogatories 7 through 14 are overly broad and unduly burdensome. The initial disclosures which defendant apparently provided on March 14, 1996, should have provided plaintiff with the identities of persons and documents relating to the disputed facts alleged with particularity in the complaint. If those disclosures were incomplete, then defendant should provide plaintiff with any supplementation which may be required by Rule 26(e).

Interrogatory 15 asks defendant to provide the same information as that requested in 7 through 14, but in support of its defense that "plaintiff's Complaint fails to state a claim or sufficient facts upon which relief can be granted." Unlike 7 through 14, Interrogatory 15 addresses an affirmative defense, not a denial of what plaintiff alleges. The Court will require defendant to provide some but not all of the information requested. It shall provide the principal or material facts upon which it bases the defense. It shall also identify the supporting documents and persons having pertinent knowledge; unless it has already provided that information in its initial disclosures. In the latter event defendant may so state in its answer to the interrogatory; and this will fulfill its obligation without the necessity of duplicating its previous disclosures.

In summary, the Court sustains in part and overrules in part Plaintiff's Motion for Compel Discovery (doc. 24). Within 15 days of the date of this Order defendant shall produce documents for inspection and copying by plaintiff, as sought by Plaintiff's Third Request for Production of Documents, Items 21 through 25 of Plaintiff's Second Request for Production of Documents & Things to Defendant, and, to the extent they are not privileged or subject to federal banking laws, documents responsive to Item 21 of Plaintiff's First Request for Production of Documents & Things to Defendant. Within such time plaintiff shall also answer Interrogatories 1(b), 2(b), 3(b), 5(b), 6(b), and 15 of Plaintiff's First Interrogatories to Defendant. Production and copying of documents shall take place at the offices of counsel for plaintiff at 1100 Main, Kansas City, Missouri, or at such other place as the parties may agree. The motion is otherwise overruled.

IT IS SO ORDERED.