**IBP, INC., Plaintiff,**

v.

**MERCANTILE BANK OF TOPEKA, et al., Defendants.**

Civ.A. No. 97–2176–GTV.

United States District Court, D. Kansas.

May 21, 1998.

**318**

Curtis L. Tideman, W. Joseph Hatley, Lathrop & Gage L.C., Overland Park, KS, for IBP Inc.

Timothy M. O'Brien, Celia K. Garrett, Shook, Hardy & Bacon, L.L.P., Overland Park, KS, David A. Hanson, Larry G. Karns, Glenn, Cornish, Hanson & Karns, Chtd., Patricia A. Reeder, R. Patrick Riordan, Woner, Glenn, Reeder & Girard, Topeka, KS, for Mercantile Bank of Topeka, Meyer Land & Cattle Co., and Sylvan State Bank.

## MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

The court has before it two motions: Defendant Sylvan State Bank's Motion to Determine the Sufficiency of Plaintiff IBP, Inc.'s Answers to Requests for Admissions (doc. 90); Defendant Sylvan State Bank's Motion to Compel Against Plaintiff IBP, Inc. (doc. 92). The latter motion seeks an order to compel plaintiff to answer interrogatories. It also asks that plaintiff be compelled to provide additional responses to requests for production. Both motions address the discretion of the court with regard to discovery.

Pursuant to Fed.R.Civ.P. 36 and D.Kan. Rule 7.1, defendant Sylvan asks the court to compel plaintiff to serve amended answers to Requests 13, 26 and 30 of Sylvan's First Request for Admissions to IBP. The requests seek admissions about a negotiated check which is material to this case:

13. Admit that IBP did not replace the check after IBP voided it.

26. Admit that IBP did not mistakenly issue the check.

30. Admit that IBP made no wire transfer to Sylvan, on behalf of Meyer and/or Sylvan, to replace the check.

To each of these requests plaintiff responded, "After reasonable inquiry, IBP cannot admit or deny."

Defendant Sylvan argues that plaintiff should have sufficient information to admit or deny the requests. In support of its argument, defendant refers to other admissions by plaintiff. It contends they are inconsistent with the assertion that defendant cannot admit or deny these three requests. Plaintiff further argues that the three requests are central to this case and that defendant should be able to admit or deny them. In response to these arguments, plaintiff submits that it has answered the requests as accurately as it can. It disputes that its responses are inconsistent with others.

The court finds that plaintiff should supplement its responses to Requests 13, 26 and 30. Fed.R.Civ.P. 36 includes the following requirements:

> ... The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.... An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny....

The three responses of plaintiff thus fail in two respects: (1) They state no reasons in detail why plaintiff cannot truthfully admit or deny the matters. (2) They do not state that the information known or readily obtainable by plaintiff is insufficient to enable it to admit or deny the requests. The responses here beg defendant and the court to speculate an inference that plaintiff indeed does not have such sufficient information. Responses, however, should not beg such speculation. The responding party, here the plaintiff, can very simply add to its response that the known and readily obtainable information

is insufficient to enable it to admit or deny. If it cannot do that much, it should admit the matter requested. For these reasons the court sustains the motion to compel plaintiff to serve amended responses to Requests for Admissions Nos. 13, 26, and 30.

■ Notwithstanding this ruling, the court does not adopt the position urged by defendant that plaintiff must necessarily admit or deny any of these three requests. Defendant has cited no law to suggest a party has a duty to admit or deny a fact merely because it seems logical to do so or because other responses appear inconsistent. Defendant in essence argues with the response much as an attorney on cross-examination sometimes tries to argue with a witness. Discovery often produces all kinds of inconsistencies, whether in sworn testimony, admissions and denials of parties, documents, or otherwise. In the course of discovery the court can compel a party to respond, consistent with the Federal Rules of Civil Procedure. Under the guise of a discovery ruling, however, it generally does not propose to shape the substance of the response. At trial defendant and the other parties will have the opportunity to argue how the evidence, with all its inconsistencies, supports their respective positions. In ruling upon this motion, therefore, the court compels plaintiff to serve supplemental responses, whether they be denials, admissions, or detailed explanations for neither denying or admitting.

The motion to compel discovery addresses Sylvan's First Set of Interrogatories to IBP Nos. 1 through 5, 7 through 15, and 18 through 29. It also addresses Sylvan's First Request for Production of Documents to IBP Nos. 3, 4, 7, 14 and 15. Plaintiff has answered most of the interrogatories, subject to its stated objections. It has objected to all the interrogatories and requests for production in question upon the grounds that they are vague, ambiguous, overly broad, unduly burdensome and call for work product of attorneys. Defendant Sylvan argues that plaintiff has failed to support these objections either by affidavit or detailed explanation.

■ The court will first address Interrogatories 1 through 5 and 7 through 12. Each of them begins with the directive, "State,

with specificity, each and every fact and application of law to fact upon which IBP relies in support of. . . ." The rest of the interrogatory identifies a paragraph of the complaint or some allegation within it. In the aggregate these eleven interrogatories ask plaintiff to specifically state every fact and application of law to fact to support certain allegations of the complaint, to which plaintiff answered as follows:

8. IBP subsequently ordered the drawee bank to stop payment on the check because defendants were not entitled to payment of the check.

ANSWER: . . . IBP states that its financial reporting made an entry on its check reconciliation log on July 17, 1996, stating that this check was "void."

9. IBP has satisfied the debt for which check number A 886038 was originally issued.

ANSWER: . . . IBP states that it is required by law to satisfy all obligations incurred through the purchase of cattle within certain guidelines, pursuant to the Packers and Stockyards Act.

10. . . . the amount of $135,234.18 was improperly paid from the account of IBP.

ANSWER: . . . IBP states that it has already paid for the cattle for which the $135,234.18 check was written. See also, answers to interrogatory nos. 1 and 2 above.

11. . . . that Meyer and Sylvan were not entitled to the payment in 1995 of $135,234.18.

ANSWER: . . . IBP states that the obligation for which the check was written had already been paid. The check was nine years old. Meyer Land & Cattle Company ("Meyer") had no record of cattle for which it had not been paid. Meyer made no inquiry of IBP or its commercial feed yards.

.    .    .    .    .

14. Plaintiff owned and had a right to the money in their bank account and were entitled to the possession of the check. Defendants Meyer and Sylvan knew they were not entitled to enforce the check and

wilfully, intentionally and wrongfully cashed the nine-year-old check.

ANSWER: ... IBP states as all obligations between IBP and Meyer had already been satisfied, Meyer and Sylvan collected IBP's property by cashing and processing the check. See also, answer to Interrogatory No. 4 above.

.    .    .    .    .

17. ... the underlying debt had already been extinguished.

ANSWER: ... IBP refers defendant to its answers to Interrogatory Nos. 1 through 4 above.

18. Meyer and Sylvan knew of this benefit, knew they were not entitled to be paid twice and, nonetheless, negotiated the nine-year-old check and retained the money.

ANSWER: ... IBP refers defendant to its answers to Interrogatory Nos. 1 through 4 above.

19. Meyer's and Sylvan's acceptance and retention of the money is inequitable and the resulting enrichment to defendants is unjust. Meyer and Sylvan should be required to pay IBP the amount of $135,234.18, plus interest accrued thereon.

ANSWER: ... IBP states that the $135,234.18 represents the amount deducted from IBP's checking account. Plaintiff has also been damaged in other unliquidated amounts. See also, answers to Interrogatory Nos. 1 through 4 above.

.    .    .    .    .

21. Sylvan, as a collecting bank and payee of the check, and Mercantile, as the drawee bank, had a duty of care to the plaintiff to ensure the money was distributed properly.

ANSWER: ... IBP states that the question of duty is a legal issue.

22. Sylvan and Mercantile breached its duty of care (i) by depositing said check for collection when it knew or should have known that the $135,234.18 had previously been paid to defendants by IBP; (ii) when it knew or should have known of the staleness of the check; (iii) by failing to require the proper endorsement of Meyer; (iv) by

failing to contact or notify IBP that the check had been found and was being deposited for collection; and (v) failed to contact bank for collection.

ANSWER: ... IBP states that the question of duty is a legal issue.

23. ... IBP was damaged in the amount of $135,234.18, plus interest accrued thereon.

ANSWER: ... IBP states that the $135,234.18 represents the amount deducted from IBP's checking account. Plaintiff has also been damaged in other unliquidated amounts.

The interrogatories and responses call for a balance between the need for fair access to material information and the burden of producing it. Fed.R.Civ.P. 26(b) authorizes liberal discovery within reasonable bounds determined by judicial discretion:

**(b) Discovery Scope and Limits.** Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

**(1) In General.** Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party. ...

Fed.R.Civ.P. 33 adds the following provisions with regard to interrogatories:

**(b) Answers and Objections.**

(1) Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objections and shall answer to the extent the interrogatory is not objectionable.

.    .    .    .    .

An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pretrial conference or other later time.

Fed.R.Civ.P. 1 provides overall guidance for interpreting and applying Rules 26 and 33:

> ... (These rules) shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.

Some years ago the Tenth Circuit Court of Appeals discussed discovery generally:

> It is plain that the scope of discovery through interrogatories and requests for production of documents is limited only by relevance and burdensomeness, and in an EEOC case the discovery is extensive. This is a factor which the court should balance on the benefit side as against the burden to the defendant in answering the interrogatories. *See* 8 C. Wright & A. Miller, Federal Practice and Procedure § 2174, at 548 (1970). If the information sought promises to be particularly cogent to the case, the defendant must be required to shoulder the burden....

*Rich v. Martin Marietta Corporation,* 522 F.2d 333, 343 (1975). Although the Circuit Court was addressing an employment discrimination case, the quoted language applies generally to the action here.

■ Both plaintiff and defendant Sylvan have cited two cases in which the court dealt with broad, contention interrogatories somewhat similar to those now before the court: *Hilt v. SFC Inc.,* 170 F.R.D. 182 (D.Kan. 1997); *Lawrence v. First Kansas Bank & Trust Co.,* 169 F.R.D. 657 (D.Kan.1996). Both of those cases criticize the indiscriminate use of contention interrogatories. The court need not repeat the text of those two cases. Suffice it to say that the interrogatories here possess some of the offending characteristics which the court criticized in *Hilt* and *Lawrence.* To the extent they ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome. An interrogatory may reasonably ask for the material or principal facts which support a contention. Rule 33 contemplates that a responding party shall indeed not hedge the answer merely because it may require the application of opinion to fact. To require specifically "each and every" fact and application of law to fact, however, would too

often require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details. The burden to answer then outweighs the benefit to be gained. Other discovery procedures, such as depositions and production of documents, better address whatever need there be for that kind of secondary detail. The court sustains the objections of plaintiff, therefore, to the extent Interrogatories 1 through 5 and 7 through 12 are overly broad and unduly burdensome in seeking "each and every fact and application of law to fact" for the allegations they identify.

The court does not find Interrogatories 1 through 5 and 7 through 12, on the other hand, so sweeping as those it addressed in *Hilt* and *Lawrence.* Defendant Sylvan has not asked for information supporting alleged denials or for reasons for asserting facts upon information and belief. Nor do the interrogatories here simply sweep the entire complaint to include matters admitted in a responsive pleading. The court finds, consequently, that they have reasonably placed upon plaintiff the duty to answer them by setting forth the material or principal facts, including any necessary application of law to fact.

In the present case plaintiff has already provided answers, as well as objections, to most of the interrogatories in question. Before the 1993 Amendment, Rule 33 did not provide for a response to include both an objection and an answer. As noted above, however, Rule 33(b) as amended expressly contemplates that a respondent may simultaneously answer and object to an interrogatory.

Rule 33(b)(4) further provides as follows:

> (4) All grounds for an objection to an interrogatory shall be stated with specificity. *Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.*

In this case the court finds nothing to support the objections that the interrogatories are vague or ambiguous or would violate work product. It overrules those objections.

It sustains the other two objections and finds Interrogatories 1 through 5 and 7 through 12 overly broad and unduly burdensome on their face in asking "with specificity, each and every fact and application of law to fact upon which IBP relies in support of" the identified allegations. Inasmuch as plaintiff has also answered them, the court will require no further answers, except as to Interrogatories 10 and 11. Aside the objections, its only response to 10 and 11 was to state that the question of duty is a legal issue. Numbers 10 and 11 reasonably ask for factual support, whether or not a legal issue of due care is involved.

Interrogatory 13 asks plaintiff to "State with specificity, each and every fact and application of law to fact upon which IBP relies or will rely at trial which is not specifically set forth in IBP's Complaint." The court sustains the objections that Interrogatory 13 is overly broad and unduly burdensome for reasons already explained. The interrogatory would have plaintiff itemize its evidence and trial strategy. This goes beyond the scope of reasonable discovery. Accordingly, the motion is denied as to Interrogatory 13.

Interrogatory 14 bears some similarity to the other interrogatories, without some of their broad language. It refers, moreover, to information apparently provided by plaintiff in its initial disclosures. The record does not include these disclosures. Plaintiff has not supported its objections. Accordingly, the court overrules them. Plaintiff shall supplement its answer to Interrogatory 14 so as to omit the objections.

Interrogatory 15 asks plaintiff to describe all communications about which three of its present or former employees will testify, as indicated in its initial disclosures. The court finds that asking for trial testimony in answer to an interrogatory is unduly burdensome. It sustains the objection and overrules the motion as to Interrogatory 15.

Interrogatory 18 asks plaintiff to "State and explain, with specificity, all of IBP's business practices, procedures and/or policies upon which IBP relies in support of its Complaint." The court finds this interrogatory ambiguous, overly broad, and unduly burdensome on its face. It overrules the motion as to Interrogatory 18.

Interrogatory 19 directs plaintiff to "State and explain, with specificity, all aspects of the 6 documents (which were provided with IBP's Initial Disclosures and which bear the heading 'IBP CATTLE PROCUREMENT CHECKS FOR M/E 07–26–86') upon which IBP relies in support of its Complaint." Plaintiff objected on the grounds already mentioned. It further answered that "the documents speak for themselves." The court regards this as a contention interrogatory, directed to a sufficiently narrow and specific topic to allow its answer without undue burden. In a general sense probably every document 'speaks for itself.' The interrogatory asks not merely for its content, however, but for a reference to those parts of the documents which plaintiff contends support the theories of its claims. Plaintiff has not supported any of its objections. The court overrules them. The motion is sustained as to Interrogatory 19.

The court sustains the motion to compel plaintiff to serve supplemental answers to Interrogatories 20 through 26 and 28. All of them address sufficiently narrow, readily identifiable topics to which plaintiff has apparently referred by its own documents. The court finds none of the objections applicable upon the face of the interrogatories themselves. When the interrogatory is not objectionable on its face, the party asserting it and resisting the discovery has the burden to specifically show the applicability of any objection it asserts. Plaintiff has not carried that burden.

The court sustains the objection to Interrogatory 27. It finds that interrogatory unduly burdensome on its face in asking for "each and every fact and application of law to fact upon which IBP relies or will rely at trial in support of IBP's recent allegation that the check may have been mistakenly written by IBP." Plaintiff both answered and objected to Interrogatory 27. The court finds the answer sufficient, given the otherwise objectionable nature of the interrogatory. It sustains the motion to require plaintiff

to provide only the principal or material facts which support the allegation. It need not provide "each and every" fact, which could include a long litany of secondary, incidental, and unimportant detail.

■ Interrogatory 29 asks plaintiff to "List any and all witnesses upon which IBP relies or will rely in support of IBP's Complaint, other than those listed in IBP's Initial Disclosures and Supplemental Disclosures, and describe, with specificity, the substance of their testimony." The court sustains the objection that this interrogatory is unduly burdensome on its face. It does not call for material facts about the case or for contentions of the parties, but for decisions by counsel about their trial strategy. The court addresses the matter of identification of witnesses by all parties in its scheduling and pretrial orders. It denies the motion to compel a supplemental answer to Interrogatory 29.

■ Request for production No. 3 asks for "Any and all records, documents or things relied upon by IBP in support of its Complaint." The court sustains the objection that the request is overly broad and unduly burdensome on its face. Plaintiff need not produce them.

■ Request No. 4 asks for "All accounting or bookkeeping records relied upon by IBP in support of its allegation that IBP's books balanced from July 1, 1986 until 1995, when the check was cashed." The court sustains the motion to compel plaintiff to produce the requested documents. It finds the request reasonably specific. Plaintiff has not shown that the request is unduly burdensome. It has not otherwise supported its objections.

■ Request No. 7 asks for "Any and all records, documents or things showing IBP' accounts payable at IBP's tax year end, for the period including July 15, 1986." Request 14 seeks similar information for the period including September 1995. Request 15 asks plaintiff to produce its written procedures, practices or policies for balancing its books, both daily and annually, for the period January 1, 1986, through the current time. The court sustains the motion as to these three

requests. Plaintiff has failed to support its objections. It asserted an additional objection to Request 14, that the information is proprietary and confidential. If so, plaintiff may move for an appropriate protective order to limit the use of the documents. That documents are proprietary and confidential, however, does not generally defeat their discovery.

In summary, the court rules as follows: Defendant Sylvan State Bank's Motion to Determine the Sufficiency of Plaintiff IBP, Inc.'s Answers to Requests for Admissions (doc. 90) is sustained. Defendant Sylvan State Bank's Motion to Compel Against Plaintiff IBP, Inc. (doc. 92) is sustained in part and overruled in part, as herein set forth. Within fifteen days of the date of this order plaintiff shall serve amended answers to Nos. 13, 26 and 30 of Sylvan's First Request for Admissions and to Interrogatories 10, 11, 14, 19 through 26 and 28. Within such time and at the offices of its counsel in Overland Park, Kansas, plaintiff shall also produce for inspection and copying by defendants all documents responsive to Items 4, 7, 14 and 15 of Sylvan State Bank's First Request for Production of Documents. The court finds that the circumstances of these motions make an award of expenses unjust.

IT IS SO ORDERED.