Paula **HISKETT**, Plaintiff,

v.

**WAL–MART STORES, INC.,** Defendant.

No. CIV.A. 97–2480–EEO.

United States District Court,
D. Kansas.

June 19, 1998.

Lee J. Hollis, Prairie Village, KS, for Paula Hiskett.

Claire Renee Mattan, Pascale H. Zaldivar, Morrison & Hecker, L.L.P., Kansas City, MO, Alan L. Rupe, Morrison & Hecker, L.L.P., Wichita, KS, for Wal–Mart Stores, Inc.

### *MEMORANDUM AND ORDER*

RUSHFELT, United States Magistrate Judge.

Before the court is a Motion for Order Compelling Discovery (doc. 50). Pursuant to Fed.R.Civ.P. 26, 33, 34, and 37 and D.Kan. Rule 37.1 and 37.2, defendant seeks an order to ·compel plaintiff to answer Interrogatory 15 of its First Interrogatories and produce one document responsive to Request 3 of its First Request for Production. Plaintiff opposes the motion.

Interrogatory 15 asks plaintiff to "state all facts and identify each and every witness and document that supports [her] allegation" that she "was denied the position because of her sex and pregnancy in violation of Title VII of the Civil Rights Act of 1964 and the Kansas Act of Discrimination," as set out in paragraph 26 of her Complaint. Citing *Lawrence v. First Kansas Bank & Trust,* 169 F.R.D. 657 (D.Kan.1996), plaintiff objects and argues that Interrogatory 15 is overly broad and unduly burdensome. Defendant claims *Lawrence* is distinguishable, because it seeks information about only one paragraph of the Complaint of plaintiff, rather than every allegation of the Complaint.

*Lawrence* is the first of a trilogy of cases, which address the propriety of the type of interrogatory represented by Interrogatory 15. The court has elaborated on *Lawrence* in *Hilt v. SFC Inc.,* 170 F.R.D. 182 (D.Kan. 1997) and *IBP, Inc. v. Mercantile Bank,* 179 F.R.D. 316 (D.Kan. May 21, 1998). The three cases provide the following guidelines with respect to interrogatories like Interrogatory 15:

Interrogatories should not require the answering party to provide a narrative account of its case. *Hilt,* 170 F.R.D. at 186, 188; *Lawrence,* 169 F.R.D. at 662. They

should not duplicate initial disclosures. *Hilt,* 170 F.R.D. at 187–88; *Lawrence,* 169 F.R.D. at 662, 664. The court will generally find them overly broad and unduly burdensome on their face to the extent they ask for "every fact" which supports identified allegations or defenses. *See Lawrence,* 169 F.R.D. at 661–62; *IBP, Inc.,* 179 F.R.D. at 320–22. Interrogatories may, however, properly ask for the "principal or material" facts which support an allegation or defense. *Lawrence,* 169 F.R.D. at 664; *IBP, Inc.,* 179 F.R.D. at 320. Interrogatories "which seek underlying facts or the identities of knowledgeable persons and supporting exhibits for material allegations" may possibly survive objections that they are overly broad or unduly burdensome. *Hilt,* 170 F.R.D. at 188. Interrogatories which do not encompass every allegation, or a significant number of allegations, of the Complaint, reasonably places upon the answering party "the duty to answer them by setting forth the material or principal facts." *IBP, Inc.,* 179 F.R.D. at 321–22.

■ Defendant links the interrogatory here at issue to one paragraph (¶ 26) of the Complaint of plaintiff. To that extent the interrogatory is not as egregious as the interrogatories at issue in *Hilt, Lawrence,* and *IBP, Inc.* It is nevertheless overly broad and unduly burdensome on its face to the extent it seeks "all facts" that supports the allegations in paragraph 26. Plaintiff, nevertheless, has a duty to answer "to the extent the interrogatory is not objectionable." Fed.R.Civ.P. 33(b)(1). She shall, therefore, provide the principal or material facts upon which she supports the allegations in paragraph 26. The interrogatory is not objectionable to that extent. She shall also identify the witnesses and documents which support those allegations, unless she has provided that information in her initial disclosures. In that event she may state in her answer that she has already provided the information, as required by Fed.R.Civ.P. 26(a). Such answer will fulfill her obligation to answer the interrogatory without the necessity of duplicating her previous disclosures. *Lawrence,* 169 F.R.D. at 664.

■ Request 3 seeks "[a]ll documents containing diaries, calendars, logs, notebooks, notes or reports and all video tapes, audio tapes or other recordings relating to the allegations in [plaintiff's] complaint and or [her] employment with defendant." Plaintiff responded: "No objection to non-privileged documents. Privileged documents identified in deposition." At her deposition she identified a responsive document withheld as attorney-client privileged matter and work product. It consists of a typewritten form titled, "Possible Case Intake" and an attached chronological summary of the events which led her to seek legal assistance. (Tr. of Dep. of Paula Hiskett, attached as Ex. A to Def.'s Mem. Supp. of Mot. For Compelling Disc., doc. 51, at 149–50, hereinafter Tr. of Dep.) Defendant wants her to produce that document. It contends the document is neither protected by the attorney-client privilege nor the work-product doctrine. It argues, furthermore, that plaintiff has waived any privilege applicable to the document by using it to refresh her memory while testifying at her deposition and by showing it to her husband.

■ Having viewed the document *in camera* the court finds it privileged. Plaintiff approached a prospective attorney in search of legal advice. He directed her to complete the form titled, "Possible Case Intake" and provide the chronological summary of events. She did as directed and returned the completed form and chronology to her prospective attorney. Both Federal and Kansas law protect such communications through the attorney-client privilege. *See Marten v. Yellow Freight Sys., Inc.,* No. Civ.A. 96–2013–GTV, 1998 WL 13244, at *4–6 (D.Kan. Jan. 6, 1998) (finding no conflict regarding the attorney-client privilege between Federal and Kansas law). The privilege "protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor." *Jones v. Boeing Co.,* 163 F.R.D. 15, 17 (D.Kan.1995). A client can include those who disclose confidential matters while seeking professional aid. *See Cole v. Ruidoso Mun. Sch.,* 43 F.3d 1373, 1384 (10th Cir.1994). At the time of the confidential communications here at issue, plaintiff was a client for purposes of the attorney-client privilege. No one suggests otherwise.

■ Defendant suggests plaintiff waived the attorney-client privilege by showing the document to her husband. Neither Federal law, nor the laws of Kansas, support such suggestion. "[I]t is not a waiver when the disclosure is made in the course of another privileged relationship, as when the client tells his wife that he told his lawyer." 24 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5507, at 581–82 (1986) (footnote omitted). Kansas recognizes the marital privilege. *See* K.S.A.Rules of Evid. 60–428 (recognizing marital privilege to protect confidential marriage communications). Federal law also recognizes the privilege. *See, e .g., United States v. Bahe,* 128 F.3d 1440, 1441–42 (10th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1327, 140 L.Ed.2d 489 (1998). Plaintiff has shown that the marital privilege applies to her showing her husband the document in question. The court thus finds no waiver of the attorney-client privilege by such disclosure.

The more difficult question is whether plaintiff has waived the attorney-client privilege by briefly reviewing the document during a break in her deposition. If, while testifying, plaintiff used the document "to refresh memory for the purpose of testifying," Fed.R.Evid. 612(1) requires the relevant portions to be produced regardless of its privileged nature. *Audiotext Communications Network v. U.S. Telecom, Inc.,* 164 F.R.D. 250, 253 (D.Kan.1996). If, prior to testifying, plaintiff so used the document, Rule 612(2) requires the relevant portions to be produced "if the court in its discretion determines it is necessary in the interests of justice." The rule requires a party to "delve ... thoroughly into the circumstances in order to furnish an adequate basis to use Rule 612 as a tool to obtain disclosure of an otherwise protected document where existence is uncovered in connection with a deposition." *See Butler Mfg. Co. v. Americold Corp.,* 148 F.R.D. 275, 278 (D.Kan.1993). The same thoroughness is required when a review implicates Rule 612(1).

■ Citing *Aguinaga v. John Morrell & Company,* 112 F.R.D. 671 (D.Kan.1986), plaintiff objects to the applicability of Fed. R.Evid. 612 in the context of a deposition. *Aguinaga* provides no support for the objection. That "Rule 612 is a rule of evidence, not a rule of discovery," 112 F.R.D. at 683, does not conflict with applying it to a deposition. It means that a party may not use Rule 612 to discover more than those writings which may have affected the testimony of the witness. Fed.R.Civ.P. 30(c), moreover, clearly makes Rule 612 applicable to depositions.

Defendant suggests that plaintiff must produce the document, because she reviewed it during a break in her deposition and such review impacted her testimony. Defendant suggests that the review resulted in testimony that plaintiff prepared the document, at the request of her attorney, sometime after October 1996. It further suggests that the review resulted in testimony regarding when two individuals left the employment of defendant. It claims that plaintiff could not definitively testify as to such matters before reviewing the document.

At the deposition of plaintiff the following discussion took place with defense counsel regarding a statement previously prepared by plaintiff:

Q. At that moment when you wrote out everything you could remember, did you have any instructions from anybody to do that, or was that something you did on your own?

A. I don't remember anyone telling me to do it.

Q. You were apparently concerned about the interview and sat down and did it on your own then; is that true?

A. I wrote it out on my own, yes.

Q. Had you been to any administrative agency or to a lawyer at the time you wrote it down?

A. I don't remember.

Q. Do you have that statement with you?

A. I don't have it.

MR. RUPE: Counsel can we make a copy of it so I can ask her about it?

MR. HOLLIS: Let's take a quick break here.

MR. RUPE: Okay.

(A recess was taken.)

MR. RUPE: Let's go back on the record.

Q. (By Mr. Rupe) When I was last asking you questions, we started talking about a statement that you prepared on your own that you recalled that was before you went to a lawyer, and then you and your lawyer talked, and I understood from what I heard that there is such a statement that you've located. Can I see a copy of it?

. . . . .

Q. Did you look over the statement in preparation for this deposition?

A. I—before coming here today, I hadn't looked at it for a while.

Q. Have you now looked at it?

A. Yes.

Q. Have you reviewed it?

A. Somewhat.

. . . . .

Q. (By Mr. Rupe) In the discussion with your lawyer, you have now learned that you prepared this statement after you went to see your lawyer; is that right?

A. . . . yes.

(Tr. of Dep. at 102–05.)

Plaintiff avers that:

After we took a break, my lawyer showed me the documents, and I remembered that I wrote them in November 1996 at my attorney's request. During the break, I looked at the documents just enough to verify that there was a notation indicating that Arch Watson and Scott Case resigned in October, 1996. That helped me to place the date when I wrote he [sic] documents, since they are not dated. I did not read the entire document during the break in the deposition. The document is quite long, and the break was not long enough to do that. I did not read any of the substantive parts of the document related to the case during the break. The document I looked at during the break did not refresh my memory on any issue I testified about during the deposition.

(Aff. of Paula Hiskett Submitted for In Camera Review, attached to Pl.'s Brief in Opp'n to Def's Mot. to Compel, doc. 54, ¶ 2.) An affidavit of her attorney corroborates her affidavit. (Aff. of Lee Hollis, attached to Pl.'s Brief in Opp'n to Def's Mot. to Compel.)

The review of the document here in question, however minimal, impacted the testimony of plaintiff. Before the review she could not date the document. After the review she could place a reasonable date on it. Before the review she believed no one had told her to create the document. After the review she remembered that she created it at the request of counsel. The review satisfies the requirement of Fed.R.Evid. 612 that the witness use the writing "to refresh memory for the purpose of testifying." The court need not accept the self-serving statement of plaintiff that the review did not refresh her memory on any issue upon which she testified. Actual refreshment of recollection, furthermore, is unnecessary. *Audiotext Communications Network*, 164 F.R.D. at 254.

■ Did plaintiff review the document "while testifying," within the meaning of Rule 612(1), or "before testifying," within the meaning of Rule 612(2)? Defendant argues for the former. Plaintiff relies upon case law which discusses Rule 612(2). Rule 612(2) requires the court to determine whether "the interests of justice" necessitates production. Rule 612(1) has no such requirement. The Advisory Committee Notes for Rule 612 highlight the difference. They state that Rule 612 "require[s] the production of writings used by a witness while testifying, but . . . render[s] the production of writings used by a witness to refresh his memory before testifying discretionary with the court in the interests of justice." Fed.R.Evid. 612 advisory committee notes (1974 enactment).

The court finds that plaintiff reviewed the document in question "before testifying." Within the meaning of Fed.R.Evid. 612(1), "while testifying" requires more than the fact that the review occurred after commence-

ment but before completion of a deposition. Plaintiff had left the witness stand. Transcription had ceased until her testimony resumed. She proffered no testimony during the break. In short, she was not then testifying. The Advisory Committee Notes to Rule 612 support the finding that plaintiff reviewed the document "before testifying." They equate "while testifying" to "while on the stand" and "before testifying" to "prior to taking the stand." *See* Fed.R.Evid. 612 advisory committee notes. Her review of the document impacted only testimony after her deposition recommenced. The review occurred before she took the stand to begin her after-break testimony.

 Applying the discretionary standard accorded by Fed.R.Evid. 612(2), the court finds that the interests of justice require no production. The review of the document by plaintiff had minimal impact upon her testimony. Her use of the document impacted her testimony in two ways. First, it enabled her to testify as to approximately when she created the document. The document contains only two notations which relate to that testimony—notations as to when two employees left the employ of defendant. Second, it apparently enabled plaintiff to testify that she created the document at the request of her attorney. The initial page or two of the Possible Case Intake form apparently provides the information which enabled plaintiff to so testify. Any production resulting from the application of Rule 612 would be limited to these portions of the privileged document. *See United States v. Larranaga*, 787 F.2d 489, 501 (10th Cir.1986). Defendant has not shown that plaintiff reviewed the document to any greater extent. *Audiotext Communications Network*, 164 F.R.D. at 254. Justice requires no finding of waiver and order of production of an otherwise privileged document, when the receiving party already has the information which will be revealed by the production. In this instance documents of defendant would reveal the dates when the two employees left its employ. Plaintiff, furthermore, has attached the first two pages of the Possible Case Intake form to its memorandum in opposition. Defendant thus has all the information which would be revealed were the court to order production of the relevant portions of the reviewed document. Accordingly, the court declines to order production.

For the foregoing reasons, the court sustains in part and overrules in part the Motion for Order Compelling Discovery (doc. 50). Within twenty days of the date of this order, plaintiff shall answer Interrogatory 15 as set forth herein. The motion is otherwise overruled. Each party shall be responsible for its own costs and expenses incurred upon the motion.

IT IS SO ORDERED.