**Keith STEIL, Plaintiff,**

v.

**HUMANA KANSAS CITY, INC., Defendant.**

**No. 99–2541–KHV.**

United States District Court, D. Kansas.

Oct. 31, 2000.

Robert B. Van Cleave, Overland Park, KS, for plaintiff.

Michael D. Moeller, Shook, Hardy & Bacon, L.L.P., Kansas City, MO, for defendants.

## MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

Pending before the Court is Defendant's Motion to Compel (doc. 78). Defendant seeks an order compelling plaintiff to completely answer interrogatories 2 and 3 of its Second Interrogatories to Plaintiff. Defendant also seeks production of all documents responsive to its Second Request for Production of Documents, requests 1, 2, 5 and 6. For the reasons stated below, defendant's motion is granted in part and denied in part.

### Interrogatories

Defendant's interrogatories 2 and 3 request identification of "every fact and document" upon which plaintiff bases any contention that the Blood Brain Barrier Disruption ("BBBD") treatment at issue in this case (1) is covered or (2) is not excluded under the health insurance policy issued to plaintiff by defendant.

Plaintiff objects to both interrogatories on the grounds they are "overexpansive, all-inclusive and argumentative and requests a legal opinion tantamount to the critical question in the lawsuit ... and is duplicative of

other such discovery responses such as Rule 26 Disclosure and Lists of Exhibits."

■ The interrogatories at issue are "contention" interrogatories. The purpose of such interrogatories is to narrow and define issues for trial and to enable the propounding party to determine the proof required to rebut the respondent's position. *Towner v. Med James, Inc.*, No. Civ. A. 94–2285–GTV, 1995 WL 477700, at *3 (D.Kan. Aug. 9, 1995). Federal Rule of Civil Procedure 33(c) expressly recognizes and permits the use of contention interrogatories. *Id.* It provides in pertinent part:

> An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pretrial conference or other later time.

Fed.R.Civ.P. 33(c). The Advisory Committee Notes for the 1970 amendment to the rule elaborate:

> Efforts to draw sharp lines between facts and opinions have invariably been unsuccessful, and the clear trend of the cases is to permit "factual" opinions. As to requests for opinions or contentions that call for the application of law to fact, they can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery. On the other hand, interrogatories may not extend to issues of "pure law," i.e., legal issues unrelated to the facts of the case.

The notes clearly indicate that requests for opinions or contentions that call for the application of law to fact are proper. *Towner*, 1995 WL 477700, at *4. Interrogatories inquiring about specific issues technically call for opinions and conclusions, but they are properly calculated to identify and narrow issues and to lead to the discovery of relevant evidence. *Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 664 (D.Kan.1996). In *Lawrence*, the court provided the following examples of contention interrogatories properly inquiring about specific issues:

whether the opponent relies upon the doctrine of res ipsa loquitur and if so, on what factual basis; whether the opponent contends that an article infringed a patent, and if so, what claim of the patent; whether the opponent claims that the interrogating party acted as an agent or a principal and, if so, on the basis of what facts; or whether the opponent contends that a vessel was unseaworthy, an article was defectively designed, or notice was not given within a reasonable time.

*Lawrence*, 169 F.R.D. at 664.

■ An interrogatory may reasonably ask for the material or principal facts which support a party's contentions in the case. *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D.Kan.1998); *Lawrence*, 169 F.R.D. at 664. However, "to require specifically 'each and every' fact and application of law to fact ... would too often require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details." *IBP*, 179 F.R.D. at 321.

■ In this case interrogatories 2 and 3 inquire about a specific relevant issue in the case. The scope of the interrogatories seeking "every fact and document," however, is overly broad and unduly burdensome on plaintiff. The Court will accordingly limit the scope of interrogatories 2 and 3 to identification of the material or principal facts and documents supporting plaintiff's contentions that the BBBD treatment (1) is covered or (2) is not excluded under the health insurance policy issued to plaintiff by defendant.

The Court, therefore, denies defendant's motion to compel plaintiff to answer interrogatories 2 and 3 to the extent the interrogatories are overly broad and unduly burdensome in seeking identification of "every fact and document" upon which plaintiff bases his contentions. Plaintiff, however, shall answer defendant's interrogatories 2 and 3 by identifying the material or principal facts and documents supporting any contention that the BBBD treatment (1) is covered or (2) is not excluded under the health insurance policy issued to plaintiff by defendant.

### Requests for Production

Defendant also seeks to compel plaintiff to produce all documents responsive to its Second Request for Production of Documents, requests 1, 2, 5 and 6. Requests 1 and 2 seek documents pertaining to plaintiff's claim that the BBBD treatment at issue is not excluded or is covered by plaintiff's health insurance policy. Requests 5 and 6 seek all documents identified in plaintiff's answers to defendant's First and Second Interrogatories to plaintiff.

█ Defendant's requests 1 and 2 seek "all documents showing, stating, evidencing, corroborating, and/or substantiating" plaintiff's claim that the BBBD treatment at issue in this case (1) is not excluded or (2) is covered by policy number E9387. Plaintiff objects to requests 1 and 2 on the grounds that the requests are overexpansive and all inclusive, argumentative in nature and include all documents which have been provided and have been the subject of discovery.

The Court does not find defendant's requests 1 and 2 to be overly broad or unduly burdensome upon plaintiff. The Court does find that the request may be duplicative of previous discovery if the information requested has previously been provided to defendant by plaintiff. In that event, plaintiff will identify those documents previously provided to defendant. The Court, therefore, grants defendant's Motion to Compel as to requests 1 and 2.

█ Defendant's requests 5 and 6 seek all documents identified in plaintiff's answers to defendant's First and Second Interrogatories to Plaintiff. Plaintiff objects to request 5, which seeks "[a]ll documents identified in plaintiff's answers to defendant's First Interrogatories to plaintiff," on the basis the request is vague and ambiguous and the plaintiff is uncertain of the nature of the documents identified. The Court finds that defendant's request 5 is not vague or ambiguous and the documents sought should be readily identifiable from plaintiff's answers to defendant's First Interrogatories. This court has previously compelled a party to comply with the opposing party's request for production which sought all documents identified in an answer to an interrogatory. *Daneshvar v. Graphic Technology, Inc.,* No. Civ. A. 97–2304–JWL, 1998 WL 726091, at *3 (D.Kan. Oct. 9, 1998). Plaintiff's objections to request 5 are without merit. Plaintiff shall, therefore, produce all documents identified in his answer to defendant's First Interrogatories.

█ Plaintiff did not object to Defendant's request 6. He instead responded that there are "no documents." Plaintiff cannot be compelled to produce documents which do not exist, *Mike v. Dymon,* No. Civ. A. 95–2405–EEO, 1996 WL 674007, at *1 (D.Kan. Nov. 14, 1996), or which he does not possess or control. *Sunbird Air Servs., Inc. v. Beech Aircraft Corp.,* No. Civ. A. 89–2181–V, 1992 WL 739505, at *3 (D.Kan. Sept. 4, 1992). Defendant's motion to compel production of the documents identified in answers to its Second Interrogatories to Plaintiff is denied.

Based on the foregoing reasons, the Court hereby grants in part and denies in part defendant's Motion to Compel (doc. 78). The Court denies the Motion to Compel as to interrogatories 2 and 3 of Defendant's Second Interrogatories to the extent they seek identification of "every fact and document" supporting plaintiff's contentions. Plaintiff, however, must answer interrogatories 2 and 3 by identifying whatever material or principal facts and documents support his contentions. The Court grants defendant's Motion to Compel as to requests 1 and 2 of defendant's Second Request for Production of Documents, unless those documents have been previously provided to defendant by plaintiff. The Court grants defendant's Motion to Compel as to request 5 and denies it as to request 6 of defendant's Second Request for Production of Documents.

IT IS SO ORDERED.