**Brandon NANCE, Plaintiff,**

v.

**WAYNE COUNTY, et al., Defendants.**

No. 1:08–0043.

United States District Court,
M.D. Tennessee, Columbia Division.

Oct. 15, 2009.

Kathy B. Tennison, Leanne A. Thorne, Lexington, TN, Stuart Breakstone, Breakstone & Associates, Memphis, TN, for Plaintiff.

Jennifer Orr Locklin, Robyn Beale Williams, Farrar & Bates, Nashville, TN, for Defendants.

## ORDER

ROBERT L. ECHOLS, District Judge.

Pending before the Court is a Report and Recommendation ("R & R") (Docket Entry No. 142) which recommends that Plaintiff's "Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37" (Docket Entry No. 49) be denied. Plaintiff has filed Objections (Docket Entry No. 154) to the R & R.

Although the Magistrate Judge entered an R & R, he did so as the case management judge in relation to a non-dispositive motion involving a discovery matter. See, Local Rule 16.01(e)(1) and 16.02(f)(2). The Motion for Sanctions filed by Plaintiff is not one excepted from coverage under 28 U.S.C. § 636(b)(1)(a). See, *Sutton v. U.S. Small Bus. Admin.*, 92 Fed.Appx. 112, 120 (6th Cir.2003)(motion for discovery sanction is " 'not excepted in subparagraph (A)' or elsewhere referenced in § 636(b)(1)(B)" and therefore a magistrate judge can *determine* a Rule 37 sanctions motion); *Bell–Flowers v. Progressive Ins. Co.*, 2005 WL 3434818 *2 n. 1 (W.D.Tenn.2005)(motions for sanctions premised on discovery abuses are non-dispositive unless sanction includes dismissal of claim). Therefore Federal Rule of Civil Procedure 72(a) supplies the standard of review and the Magistrate Judge's decisions will be rejected by this Court only if it "is clearly erroneous or contrary to law" under Rule 72(a), notwithstanding that it is couched in terms of an R & R. See, *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 868 n. 5 (7th Cir.1996)(although magistrate judge titled his sanctions determinations as recommendations, they were properly reviewed by district court under clear error standard); *Williams v. White Castle Sys., Inc.*, 526 F.Supp.2d 830, 832 (M.D.Tenn. 2007)(award of sanctions in the form of excess costs is non-dispositive matter and clearly erroneous review applied even though magistrate judge entered an R & R)

Plaintiff seeks sanctions because Defendants refused to admit Plaintiff's request for Admission No. 10 relating to whether he received Ibuprofen during his stay at the jail. The Magistrate Judge stated that sanctions were not warranted because the request used the phrase "throughout his stay at the jail," and defense counsel mistakenly read the request as asking Defendants to admit that Plaintiff had *never* received Ibuprofen during his incarceration at the Wayne County Jail, as opposed to whether Plaintiff received Ibuprofen during his *entire* stay at the jail. Plaintiff does not object to this conclusion.

Plaintiff does object to the Magistrate Judge's conclusion that sanctions are not warranted based upon Defendants' failure to identify the existence of, or produce, the medical file which documented the medical care Plaintiff received while housed at the Wayne County Jail. The Magistrate Judge reasoned that because the medical file is missing (and apparently has been since the start of the litigation), it was not in the "possession, custody, or control" of the Defendants within the meaning of Fed.R.Civ. P.26(a)(1)(A)(ii) at the time the initial disclosures were made. The Magistrate Judge further reasoned that the medical file did not constitute a document that the Defendants would use to support their claims or defenses within the meaning of the same rule.

Plaintiff first objects by arguing that the Magistrate Judge erroneously stated that Plaintiff's only argument with regard to the medical file was that Defendants had a duty to disclose the same and that Plaintiff was not contending that he ever requested the medical file. Plaintiff points to his Interrogatory Number 7 as fitting the bill for such a request because it requested Defendants "[i]dentify the date, time, and nature of all medical requests made by the Plaintiff," along with the "name of the individual or individuals that responded to each request and the action or actions taken in response." (Docket Entry No. 122–2). However, this Interrogatory, by its terms, did not request documents, medical or otherwise, and thus

the Magistrate Judge was not clearly erroneous in stating that Plaintiff did not appear to request his medical file. Moreover, it is far from clear that Defendants were trying to "hide the ball," as Defendants responded to Interrogatory Number 7 by acknowledging that Plaintiff talked to Nurse Gower about his leg injury, but that "documents containing the correct dates have not been located." (Docket Entry No. 56–1).

Plaintiff also argues the Magistrate Judge erred in failing to recognize Plaintiff's argument as advanced in his reply brief that Request for Production Number 6 constituted a request for the medical file. In that Request, Defendants were asked to "[p]roduce *any* tape recorded, transcribed or written statements or any note made of any oral statement given by an officer, agent or employee of any of the Defendants concerning the incident or claim at hand." (Docket Entry No. 122–2)(emphasis in original). This Request for Production does not clearly request the medical records particularly since, while Nurse Gower presumably made notes in the medical record, it is doubtful that such notes were of her "oral statements." Regardless, the medical file is, at present, lost and Defendants cannot produce that which they do not have. See, *Judy v. Pingue*, 2009 WL 2365440 at \*1 (S.D.Ohio 2009)("The Court cannot compel defendant to produce what does not exist"); *Roten v. McDonald*, 2009 WL 2242388 at \*2 (D.Del.2009)("If a document does not exist, Defendant cannot produce it").

Plaintiff next objects to the Magistrate Judge's conclusion that because the medical file has been misplaced or lost, it was not within Defendants' "possession, custody, or control" under Rule 26 which would trigger mandatory disclosure. Plaintiff points to BLACK'S LAW DICTIONARY for the definitions of "possession," "custody," and "control," and notes that courts construe the word "control" broadly. While that may be so, the Magistrate Judge's conclusion is not clearly erroneous because even though a party is required "to produce things which are in its 'possession, custody, or control,' . . . [i]tems which have been lost cannot be deemed to fit this description." *Banff Limited, v. Limited, Inc.*, 1994 WL 66069 at \*2 (S.D.N.Y.1994).

Plaintiff also argues the Magistrate Judge erred by stating Plaintiff "does not point out any situations in which Defendants' witnesses have 'explicitly' referred to Plaintiff's medical file from the Wayne County Jail in denying the allegations of the Complaint," such that disclosure under Rule 26 would be mandated. (Docket Entry No. 142 at 12). Plaintiff argues this assertion is incorrect given Nurse Gower's statements in her deposition that certain things relating to Plaintiff's care were documented in the medical file. However, this testimony occurred long after Defendants' initial disclosures and, while a party has a duty to supplement, it is undisputed that Plaintiff learned of the missing file during Nurse Gower's deposition. See, Fed. R.Civ.P. 26(e)(2)(a party must supplement an incomplete or incorrect disclosure "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process"). Moreover, and as the Magistrate Judge noted, Defendants cannot use the records as long as they are lost.

This Court has thoroughly reviewed the R & R and Plaintiff's Objections thereto and finds that the Magistrate Judge's conclusion with respect to the Motion for Sanctions is neither clearly erroneous nor contrary to law in light of the present record. Prior to closing, however, the Court addresses two additional matters.

First, in the R & R, the Magistrate Judge stated "the jury should not be instructed on the non-disclosure, because Defendant was under no duty to make such a disclosure." (Docket Entry No. 142 at 13). In an accompanying footnote, the Magistrate Judge cites BLACK'S LAW DICTIONARY for the proposition that spoliation is "[t]he intentional destruction, mutilation, alteration or concealment of evidence" and states there has been no evidence of spoliation in this case. (Docket Entry No. 132 at 13 & n. 9). However, the Sixth Circuit has noted that "failure to produce relevant evidence falls 'along a continuum of fault—ranging from innocence through the degrees of negligence to intentionality'" and "the severity of a sanction may, depending on the circumstances of the case, correspond to the party's fault" and can

include "instructing a jury that it may infer a fact based on *lost* or destroyed evidence." *Adkins v. Wolever,* 554 F.3d 650, 652–53 (6th Cir.2009)(emphasis added, citation omitted). The Court does not conclude, based on the present record, that Plaintiff would not be entitled to an adverse inference instruction if warranted by the facts surrounding the missing medical file.

■ Second, in their reply brief, Defendants requested that they be awarded their costs and attorneys' fees incurred in responding to Plaintiff's Motion for Sanctions. This request was not addressed by the Magistrate Judge in the R & R and, in his Objections, Plaintiff asks that Defendants not be awarded attorney's fees or costs. No attorney's fees or costs will be awarded because the Court finds Plaintiff's Motion for Sanctions was substantially justified and an award of fees or costs to Defendants would be unjust in the circumstances of this case. See, Fed. R.Civ.P. 37(a)(5); *Vilsant v. Saxon Mortg. Serv., Inc.,* 2009 WL 413724 at *3 (S.D.Fla. 2009)(a motion for sanctions in substantially justified if there is a reasonable basis in law and fact for making the motion).

Accordingly, the R & R (Docket Entry No. 142) is hereby ACCEPTED as modified and Plaintiff's Objections thereto (Docket Entry No. 154) are hereby OVERRULED. Plaintiff's Motion for Sanctions (Docket Entry No. 49) is hereby DENIED. However, this ruling does not preclude Plaintiff from requesting an adverse inference instruction if he can prove facts which warrant the giving of such an instruction.

It is so ORDERED.

### JURY DEMANDED

*REPORT AND RECOMMENDATION*

E. CLIFTON KNOWLES, District Judge.

#### I. *Introduction and Background*

This matter is before the Court upon Plaintiff's "Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37." Docket No. 49. In support of his Motion, Plaintiff has filed a copy of Defendants' "Initial Rule 26 Disclosures" (Docket No. 49–1), Defendants' "Supplemental Rule 26 Disclosures" (Docket No. 49–2), the Deposition of Teresa Gower (Docket No. 49–3), a portion of Defendants' Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents (Docket No. 49–4), a portion of what appears to be Defendants' Responses to Plaintiff's Requests for Admissions (Docket No. 49–5), as well as the Affidavit of one of counsel for Plaintiff (Docket No. 50), and a supporting Memorandum of Law (Docket No. 51).

Defendant[1] has filed a Response in Opposition to the Motion (Docket No. 54), the Affidavit of one of counsel for Defendant (Docket No. 56), what appears to be a complete copy of Defendant Wayne County's Responses to Plaintiff's First Set of Interrogatories (Docket No. 56–1), what appears to be a complete copy of Defendant Wayne County's Responses to Plaintiff's Request for Production of Documents (Docket No. 57–1), what appears to be a complete copy of "Defendant's Revised Responses to Plaintiff's First Set of Requests for Admission Propounded to Defendants" (Docket No. 56–1), the Affidavit of Jason Duke (Docket No. 59), and a "Second Affidavit of Teresa Gower" (Docket No. 62).[2]

Finally, Plaintiff has filed a Reply to Defendant's Response, with several exhibits. Docket No. 122.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging "inadequate medical treatment." Docket No. 1. In his Complaint, Plaintiff avers that, on or about June 13, 2007, he was severely injured in a motor vehicle accident and was air-lifted to Vander-

---

**1.** In his Complaint, Plaintiff named four Defendants: Wayne County, Mayor Jason Rich, Wayne County Sheriff's Department, and Sheriff Ric Wilson. From the style and body of the Complaint, it is apparent that Plaintiff sued Mayor Jason Rich and Sheriff Ric Wilson in their official capacities. Additionally, the Wayne County Sheriff's Department is not an entity capable of being sued. Thus, as Defendant has correctly pointed out previously, the only Defendant in this action is Wayne County. Docket No. 68, p. 10.

**2.** There does not appear to be a "First" Affidavit of Teresa Gower in the record.

bilt Medical Center.[3] There, he was treated for a variety of injuries, including a complex fracture of the right femur requiring the insertion of a rod into the leg, head trauma, a ruptured spleen, a collapsed lung, and fractured ribs. A week later, he was discharged from Vanderbilt Medical Center with instructions to return to the emergency room if he experienced redness, swelling, or warmth in the area of his incisions, including the right leg.

More than a month later, on July 21, 2007, he was incarcerated in the Wayne County Jail and "still required a walker to ambulate." In "mid-August 2007," Plaintiff began to experience pain, swelling, redness, and numbness in his right thigh and hip. Plaintiff, his mother, and the Vanderbilt medical staff allegedly informed jail personnel of Plaintiff's need to return to Vanderbilt for follow-up care, but Defendant "refused to schedule or transfer for a follow-up appointment."

"Shortly after" he complained of symptoms in his upper right leg, he was taking a shower and did not have access to his walker, at which time he fell, injuring his left collarbone and/or shoulder. (Presumably, this was in mid to late August 2007.) He immediately complained to the Jail Administrator of his left collarbone and/or shoulder pain, but he did not receive a meaningful assessment of the injury or treatment. Plaintiff avers that he was not given any treatment for "his injury"[4] while housed at the Wayne County Jail, and was denied over-the-counter Tylenol provided by his mother.

On October 17, 2007, Plaintiff was transported to the Lewis County Jail because of overcrowding in the Wayne County Jail. It is undisputed that, upon his intake to Lewis County, he did not report a shoulder injury or shoulder pain among his injuries in the "comment" section of the booking intake form. He also did not seek any medical attention for his shoulder or his right leg while he was incarcerated in the Lewis Coun-

ty Jail. He remained in the Lewis County Jail until October 30, 2007, when he was transported to Charles Bass Correctional Facility to serve the remainder of a six-year sentence. A shoulder injury, however, was discovered upon Plaintiff's intake to the Bass Correctional Facility.

On March 12, 2008, approximately seven months after he allegedly fell in the shower at the Wayne County Jail, Plaintiff was sent to the Nashville Metro General Hospital, where he was diagnosed with a "Grade III acromioclavicular separation of the left shoulder secondary to non-union of distal clavicle fracture." Plaintiff required surgery to repair his separated shoulder.

The instant Motion raises two arguments: (1) that Defendant "failed to disclose the existence of the Plaintiff's 'medical file' separate and distinct from the 'jail file' and further failed to disclose that the 'medical file' had been missing since the institution of this litigation"; and (2) that Defendant erroneously denied Plaintiff's Request for Admission No. 10. Docket No. 49, p. 1.

█ With regard to the first argument, Plaintiff states that it was not until May 20, 2009, during the deposition of Nurse Teresa Gower, that Plaintiff learned that a separate "medical file" existed, which had never been produced or otherwise disclosed. Plaintiff argues that neither Defendants' Rule 26 Initial Disclosures, nor Defendants' Supplemental Rule 26 Disclosures contained any reference to Plaintiff's "medical file" or to the fact that the file was lost or missing. Nurse Gower, however, repeatedly referenced Plaintiff's "medical file," during her deposition. When asked where that "medical file" was, she stated that it had been lost, that she had looked for it from the inception of the lawsuit, but "to no avail." *Id.*, p. 2. Apparently during the deposition, Nurse Gower also testified concerning a "medication log," which was produced, but which was part of

---

**3.** The facts discussed herein are taken primarily from Plaintiff's Complaint and from Plaintiff's Responses to Defendant's Statement of Undisputed Facts (Docket No. 114), submitted in connection with Defendant's Motion for Summary Judgment (Docket No. 65).

**4.** It is unclear whether "his injury" refers to his previous leg injury or to his left collarbone and/or shoulder injury.

the "medical file." Nurse Gower "did not know" how the medication records could have been produced without the rest of the "medical file."

Plaintiff further argues that, when Defendants' counsel was asked "off the record" why Plaintiff's counsel had not been informed of the missing records, Defendants' counsel advised him that notice of the missing records "was in the discovery responses." *Id.*, p. 3. Plaintiff argues that those discovery responses do not mention or reference Plaintiff's "medical file" or disclose that the medical file was missing. Additionally, Defendants' Response to Plaintiff's Request for Production of Documents does not contain any reference to a missing medical log or medical file. *Id.*

Plaintiff argues:

10. Rule 37(c) describes the sanctions available to a party that fails to disclose information as required by Rule 26(a) or (e)(1), or who fails to properly amend a discovery response as required by Rule 26(c)(2). The party at fault should not be permitted to use the undisclosed information at trial unless the failure to comply is harmless. F.R.C.P. 37(c).

The Defendants' nondisclosure of this information was not harmless. Had the medical record been timely produced, the Plaintiff's case in discovery would have progressed in a different manner. The Plaintiff relied upon the records produced as a complete record of the matters at issue only to learn on May 20, 2009 that a "medical record" or "medical file" is missing.

. . . . .

13. If the Defendants were to produce the missing documents from this point forward in the litigation, and attempt to use them at trial, it would greatly prejudice the Plaintiff's case.

Docket No. 49, p. 3–4.

Defendant responds that it was under no duty to disclose the existence of Plaintiff's "medical file," or the fact that that medical file was missing under the plain language of

Rule 26(a)(1)(A)(ii). Additionally, Defendant argues that, as early as March 30, 2009, Defendant advised Plaintiff that certain documents were missing.[5] In this regard, Plaintiff had propounded the following Interrogatory, and Defendant gave the following response:

7. Identify the date, time, and nature of all medical-related requests made by the Plaintiff between July 1, 2007, and October 31, 2007. Please provide the name of the individual or individuals that responded to each request in the action or actions taken in response. If the individual is no longer employed by you, please provide the former employee's last known address.

RESPONSE:

The Defendant acknowledges that the plaintiff did make request to the Nurse Gower [*sic* ] for his leg injury, however, *at this time, documents containing correct dates have not been located. As soon as those have been obtained, they will be made available and this Interrogatory will be supplemented.*

Docket No. 56–1, p. 7 (emphasis added).

Defendant also argues that Plaintiff never requested that Defendant produce any medical records of Plaintiff. Plaintiff does not appear to contest this fact, and his only argument with regard to the medical file is that Defendant had a duty to disclose it as part of its initial disclosures.

Second, Plaintiff argues that Defendant erroneously denied his Request for Admission No. 10. That Request and the Response thereto state as follows:

Request No. 10: Admit that the Plaintiff did not receive Ibuprofen 800 mg daily, as prescribed, throughout his stay in the Wayne County Jail.

RESPONSE: Denied.

Docket No. 56–1, p. 12.

Plaintiff states that, during the referenced Deposition of Nurse Teresa Gower, Plaintiff learned that this denial was "false." Plaintiff argues that Nurse Gower testified that Plaintiff did not receive Ibuprofen 800 mg daily as

5. As discussed above, Plaintiff takes the position that he was not aware of the missing medical file until the deposition of Nurse Teresa Gower on May 20, 2009.

prescribed, "throughout" his stay at the Wayne County Jail, and she agreed that the admission was incorrect.

Defendant responds that its counsel simply misunderstood Request No. 10. Defendant argues as follows:

> Counsel for defendants initially read [Request No. 10] to seek an admission that Mr. Nance NEVER received *any* Ibuprofen during his incarceration in the Wayne County Jail.... However, during the deposition of Nurse Gower, it became apparent that the plaintiff was actually asking for an admission that Mr. Nance had not received Ibuprofen *each day* of his incarceration. Records produced in this case clearly show that there is actually no dispute as to this issue. As reflected in the MAR Sheets and Jail Logs provided to plaintiff in discovery, Plaintiff Nance was given Ibuprofen during his time of incarceration from August 2007 until September 6, 2007. The MAR Sheets were provided to plaintiff as Exhibit E responsive to Request No. 6. in the Request for Production propounded upon the defendants and provided to the plaintiff on March 30, 2009. The Jail Logs were produced with a summary prepared by the defendants which clearly indicated that Ibuprofen was discontinued on September 6, 2007. As testified by Nurse Gower, the Ibuprofen was discontinued on September 6, 2007, due to Mr. Nance claiming that he was coughing up blood....
>
> Defendants aver that the violation, if one occurred, was completely inadvertent and solely caused by attorney error in misreading the request.

Docket No. 54, p. 6–7. Defendant avers that the error was completely harmless, easily cleared up, and that Plaintiff has failed to demonstrate any expenses in proving the matter true.

The instant Motion concludes:

The Plaintiff prays that as follows:

(a) That the Defendants' use of the undisclosed records be disallowed; and

(b) That the facts in the missing and undisclosed records be taken as established

in accordance with the Plaintiff's claims for the purposes of the action; and

(b) [*sic*] That the Defendants be disallowed from supporting or opposing the Plaintiff's claims by reference to information contained within the missing records, and the Defendant is to be prohibited from introducing said matters in evidence should they mysteriously appear; and

(c) That the jury be instructed of the nondisclosure by the Defendants; and

(d) For sanctions pursuant to Rule 37(c)(2) for expenses incurred in taking the deposition of Teresa Gower, as well as attorney's fees associated therewith, as determined by this Honorable Court; and

(e) For such other relief to which he may be entitled in the premises.

*Id.*, p. 5.

## II. Analysis

### A. *The Missing Medical File*

■ As discussed above, the instant Motion is filed pursuant to Fed.R.Civ.P. 37(c), which provides in relevant part as follows:

> (c) Failure to Disclose, to Supplement An Earlier Response, or to Admit.
>
> (1) Failure to Disclose or Supplement. If a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information on witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions including any of the orders listed in Rule 37(b)(2)(A)(I)-(vi).

It is readily apparent that the sanctions set forth in Rule 37(c) apply only when a party "fails to provide information ... as required by Rule 26(a) or (e)."

Plaintiff argues that Defendant violated Rule 26(a)(1)(A)(ii), which provides as follows:

(a) Required Disclosures.

  (1) Initial Disclosure.

    (A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

    .    .    .    .    .

    (ii) a copy—or a description by category and location—of all documents, electronically stored information, intangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment....

While Plaintiff quotes relevant provisions of Rule 26(a)(1)(A)(ii), Plaintiff does not explain exactly how Defendant violated that Rule. Obviously, Defendant's first argument is that the medical file is missing and, therefore, the medical file was not in its "possession, custody, or control" at the time it made its initial disclosures. Curiously, at least in his Motion and supporting Memorandum, Plaintiff never addresses this argument.[6]

Under the plain language of Rule 26(a)(1)(A)(ii), two requirements must be met before a party has a duty to disclose documents: (1) the documents must be documents "that the disclosing party has in its possession, custody, or control"; and (2) the documents must be documents that the disclosing party "may use to support its claims or defenses, unless the use would be solely for impeachment...."[7]

Defendant has submitted Affidavits to support the proposition that the medical file at issue is actually missing, and that this situation is not the result of any attempt to hide it. Docket Nos. 56, 59, 62. In his Reply, Plaintiff argues that Defendants had an affirmative duty, under a written policy, to maintain inmate medical records during the period of Plaintiff's incarceration and for a period of seven years thereafter. Docket No. 122. Plaintiff further states, without citation to any authority, "The medical records of the Plaintiff were within the 'possession, custody, or control' of the Defendants under the circumstances as Defendants were the only entity with 'possession, custody, or control' of said records and had knowledge of the last known location of said records." Docket No. 122, p. 4.

While Plaintiff cites several cases that discuss "possession," "custody," or "control," none of those cases is controlling and none of them addresses lost or missing documents. In fact, courts have recognized that documents that do not exist are not in the "possession, custody, or control" of a party. *See Dunn v. TWA, Inc.,* 589 F.2d 408, 415 (9th Cir.1978); *Steil v. Humana Kansas City, Inc.,* 197 F.R.D. 445, 448 (D.Kan.2000). In the case at bar, it is unclear whether Plaintiff's medical file is still in existence, because it cannot be located. But documents that are lost or missing are no more in the "possession, custody, or control" of a party than are documents that are nonexistent. The Court concludes that Plaintiff's missing medical file is not in the possession, custody, or control of Defendant.

■ As discussed above, the second requirement that must be met before a party has a duty to disclose documents is that the documents must be documents that the disclosing party "may use to support its claims or defenses, unless the use would be solely for impeachment...." Defendant argues that the missing medical file does not constitute documents that it may use to support its claims or defenses. The Court notes that Defendant has filed a Motion for Summary

---

**6.** Plaintiff does discuss this argument in his Reply. Docket No. 122.

**7.** In his Motion and accompanying Memorandum, Plaintiff complains primarily about Defendant's failure to disclose the existence of the medical file. In portions of his Reply, however, Plaintiff's position appears to morph into an argument that Defendant had a duty to produce the medical file. Under the plain language of Rule 26(a)(1)(A)(ii), the Rule is satisfied if the party provides either a copy of the documents or "a description by category and location" of the documents.

Judgment and supporting Memorandum, arguing that it is liable to Plaintiff only if the injury he suffered was the result of an unconstitutional policy or custom of the County (*citing Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Docket Nos. 65, 68. Additionally, Defendant points to some evidence that Plaintiff may actually have injured his left collarbone and/or shoulder while he was incarcerated in the Lewis County Jail. Docket No. 114, p. 13. These facts support Defendant's argument that it did not intend to use any of the medical records from Plaintiff's incarceration in the Wayne County Jail to support any of its claims or defenses.

Plaintiff further argues that Defendant's "witnesses explicitly and implicitly referred to the [medical] records in denying the allegations of the Complaint." Plaintiff, however, does not point out any situations in which Defendant's witnesses have "explicitly" referred to Plaintiff's medical file from the Wayne County Jail in denying the allegations of the Complaint. What Plaintiff actually argues is that the Court should reject other evidence concerning matters that might have been recorded in the missing medical file, regardless of the form of that evidence. In other words, Plaintiff apparently argues that Nurse Gower should not be permitted to testify concerning her medical examinations and/or treatment of Plaintiff, because those matters may be discussed in the missing medical records.[8] It suffices to say that this argument has no basis whatsoever in the language of Rules 26 or 27, or in any other authority that Plaintiff has cited.

Finally, Plaintiff overreaches in his prayer for relief with regard to the instant Motion. The Court cannot "disallow" Defendants' use of the records, because Defendants cannot use the records as long as they are lost, and the facts in the missing records cannot be "taken as established," because the Court does not know what facts are established in the missing records. Additionally, the jury should not be instructed of the "non-disclosure," because Defendant was under no duty to make such a disclosure. Plaintiff's request for expenses incurred in taking the deposition of Teresa Gower, including attorney's fees, is inappropriate, as Plaintiff has not shown that it would not have taken the deposition of Nurse Gower if Defendant had produced the missing medical file. Finally, Plaintiff's request that Defendant be prohibited from introducing "said matters in evidence should they mysteriously appear," is premature. The Court need not rule on such a request unless and until the documents "mysteriously appear."[9]

## B. *Request No. 10*

Fed.R.Civ.P. 37(c)(2) provides in relevant part as follows:

---

8. Plaintiff explicitly makes this argument in his Response to Defendants' Statement of Undisputed Material Facts (Docket No. 114) filed in response to Defendants' Motion for Summary Judgment (Docket No. 65). For example, Defendant submitted, as an undisputed fact, "Mr. Nance saw the Nurse within two weeks," citing Plaintiff's own deposition. Docket No. 114, p. 5. Instead of admitting or denying this fact, Plaintiff gave the following Response:

> The Plaintiff disputes all the facts alleged by the Defendants that are contained within the Plaintiff's medical file at Wayne County. The best evidence of the Plaintiff's "course of treatment" while at Wayne County is contained within his detailed medical file. As such, the Defendants should not be allowed to rely upon secondary evidence regarding the controlling issue of whether the Defendants were deliberately indifferent to his medical needs.

*Id.* Plaintiff gave the same Response to a number of other alleged undisputed facts. *Id.*, p. 4–12.

Incredibly, Plaintiff attempts to argue that the Court should not consider *Plaintiff's own deposition testimony* because it is somehow "secondary evidence" and that the "best evidence" concerning his treatment would be contained in the missing medical file. To the extent that Plaintiff is seeking to invoke the so-called "Best Evidence Rule" contained in Fed.R.Evid. 1002, the undersigned observes that the Rule has no application in this situation. The Committee Notes to Rule 1002 specifically state, "[A]n event may be proved by nondocumentary evidence, even though a written record of it was made."

9. In his Reply to Defendant's Response, Plaintiff for the first time cites a Sixth Circuit case concerning spoliated evidence. Docket No. 122, p. 12–13. The term "spoliation" has been defined as, "The intentional destruction, mutilation, alteration, or concealment of evidence, usu. a document." Black's Law Dictionary, 7th Ed. (1999). Plaintiff offered no evidence in the instant Motion, or even in his Reply, that there has been any spoliation of evidence.

Failure to Admit. If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The Court must so order unless:

(A) the request was held objectionable under Rule 36(a);

(B) the admission sought was of no substantial importance;

(C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter;

(D) there was other good reason for the failure to admit.

The Affidavit of Defendant's counsel establishes that she simply misunderstood the referenced Request for Admission. Docket No. 56, p. 1. Moreover, Defendant had provided Plaintiff with documents on March 30, 2009, which clearly showed that Plaintiff was not given Ibuprofen daily. Once again, Plaintiff has not alleged or shown that he would not have taken the deposition of Nurse Gower had it not been for the erroneous Response to Request No. 10.

### III. *Recommendation*

For the foregoing reasons, the undersigned recommends that Plaintiff's "Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37" (Docket No. 49) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct.

899, 88 L.Ed.2d 933 (1986); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72.

September 15, 2009.